Robert R. Debes, Jr.(*Pending PHV*)
bdebes@eeoc.net
Ricardo J. Prieto (*Pending PHV*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle, Cal. Bar No. 302723
marbuckl@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

*Counsel for Plaintiff, Jacob McGrath, and Proposed Class and Collective Action Members*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JACOB McGRATH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DOORDASH, INC.,<br><br>Defendant. | **Case No: 3:19-cv-05279**<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT**<br><br>**FLSA COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jacob McGrath ("McGrath" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Defendant DoorDash, Inc. and shows in support as follows:

**I.     INTRODUCTION AND NATURE OF ACTION**

1.     Defendant, DoorDash, Inc. (referred to hereinafter as "Defendant" and/or "DOORDASH"), provides takeout food delivery via a phone application and website throughout the country. To do so, it employs delivery drivers (a/k/a "Dashers"). Defendant misclassifies Plaintiff and its other Dashers as "independent contractors" rather than "employees" and fails to pay them for all hours worked.

2. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay the federally-mandated minimum wage. Plaintiff brings this action on behalf of similarly situated Dashers misclassified by Defendant as independent contractors located nationwide as a collective action under 29 U.S.C. § 216(b).

## II.   THE PARTIES

**A.   Plaintiff McGrath**

3. Plaintiff Jacob McGrath is an individual residing in Sonoma County, California. He has standing to file this lawsuit.

4. McGrath is a current employee of Defendant who works as a Dasher from approximately October 10, 2018 to the present.

5. McGrath's written consent to participate in this action is attached to this Complaint as Exhibit 1.

**B.   Putative Collective Action Members**

6. The putative Collective Action Members are all current and former Dashers misclassified by Defendant as independent contractors who work or worked for Defendant nationwide at any time within the three years prior to the filing of the Original Complaint through the date of final disposition of this action.

7. Plaintiff seeks to represent the Collective Action Members seeking damages for claims of unpaid minimum wages pursuant to the FLSA, and is similarly situated to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

**C.   Defendant DoorDash, Inc.**

8. Defendant DoorDash, Inc. is headquartered in San Francisco, California. Doordash, Inc. is a Delaware corporation that is licensed to do business (and is doing business) in the State of California. Doordash, Inc. may be served through its registered agent, Registered Agent Solutions, Inc., 2138 Silas Deane Hwy. Suite 101, Rocky Hill, CT 06067.

9. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

10. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

11. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

12. On information and belief, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

### III.   JURISDICTION AND VENUE

13. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

14. The United States District Court for the Northern District of California has personal jurisdiction over Defendant because Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

16. **Intradistrict Assignment:** This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Sonoma County.

### IV.   FACTUAL BACKGROUND

17. DoorDash is a food delivery service which provides home and office food delivery to its customers.

18. Plaintiff was hired to work as a delivery driver/Dasher for Defendant.

19. DoorDash does not pay Plaintiff or its other Dashers an hourly wage or a salary; rather, Plaintiff receives the "delivery fee" that is paid by DoorDash's customers, as well as any

gratuity that the customer pays to the Dasher. DoorDash, not Plaintiff or the other Dashers, determines the "delivery fee."

20. While DoorDash classifies Plaintiff as an "independent contractor," Plaintiff is truly an "employee" pursuant to the FLSA's economic realities test.

21. For instance, Plaintiff does not determine the amount he will charge DoorDash for his services; rather, DoorDash decides how much of a "delivery fee" its customers will pay and simply passes that charge on to the Plaintiff as his sole compensation.

22. DoorDash provides Plaintiff and its other Dashers with the customers for whom the delivery services are to be performed.

23. DoorDash requires Plaintiff and its other Dashers to comply with certain rules, regulations, policies and procedures in order to work for them. A Dasher who fails to comply with said policies is subject to reprimand and/or termination.

24. Plaintiff and the other Dashers all perform delivery services within DoorDash's usual course of business as a food delivery service. Without delivery drivers/Dashers, DoorDash would not exist.

25. DoorDash unilaterally sets the pay scheme and rate of pay for Plaintiff and its other Dashers. This rate of pay is not negotiated by and among DoorDash and its Dashers.

26. DoorDash has a single pay practice and/or policy that applies to Plaintiff and all of its other Dashers.

27. Pursuant to DoorDash's policy, it does not reimburse Plaintiff or any of its Dashers for the cost of owning/leasing a vehicle, nor the cost to fuel or maintain it.

28. Moreover, DoorDash: (i) had the power to discipline and/or terminate Plaintiff and the Class Members, (ii) regularly supervised and controlled work conditions of employment for Plaintiff and Class Members, (iii) determined the rate and method of payment of wages, (iv) paid Plaintiff and Class Member wages and made deductions to his wages, and (v) maintained employment records of Plaintiff and Class Members.

29. Plaintiff was not a member of management. Neither he nor any other Class Member had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in their operations, plan and/or set Defendant's budget, enter into contracts on behalf of Defendant, or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Dasher Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's businesses.

30. Plaintiff and the Dasher Class Members were at all times "non-exempt" employees and eligible to receive the minimum wage pay pursuant to the FLSA.

31. Moreover, DoorDash fails to reimburse Plaintiff and its other Dashers for the normal and customary business expenses incurred on DoorDash's behalf in connection with the delivery services they provide. These expenses include, but are not limited to, (i) Plaintiff's use of a personal vehicle (i.e. gasoline and maintenance), (ii) the cost of liability insurance, (iii) damage claims, (iv) parking and toll road charges incurred while picking up/dropping off deliveries; (v) the cost of a cell phone, and all other tools/equipment in order to do the work required. By failing to reimburse Plaintiff for these expenses, Plaintiff has often earned less than the statutory minimum and overtime wage required by the FLSA during many workweeks.

32. Finally, DoorDash does not provide proper itemized wage statements that explain the piece rate basis on which Dashers are paid and does not break out the amount of drivers' wages and tip, among other reasons.

### V.     FLSA CLAIMS FOR MINIMUM WAGE

33. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**A.     FLSA Coverage**

34.    All conditions precedent to this suit, if any, have been fulfilled.

35.    At all times relevant to this lawsuit, Defendant was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

36.    At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

37.    At all times relevant to this lawsuit, Defendant has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

38.    At all relevant times, Defendant has had gross operating revenues or business volume in excess of $500,000.

**B.     FLSA Allegations**

39.    At all relevant times, Plaintiff and the Putative Collective Action Members were employees of Defendant pursuant to the FLSA.

40.    The FLSA generally requires that employers pay their employees the minimum wage for all hours worked. 29 U.S.C. § 206(a)(1).

41.    Defendant misclassifies Plaintiff and its other delivery drivers as "independent contractors" rather than "employees" and fails to pay them for all hours worked. In addition, Defendant has required Plaintiff and its other Dashers to pay business expenses (including expenses incurred to own/lease a vehicle, maintain it, and fuel it) causing Plaintiff to be paid less than the statutory minimum wage required by Sections 206 of the FLSA.  As a result, Defendant violates the minimum wage provisions of the FLSA.

**C.     Collective Action Allegations**

42.    Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other persons employed by Defendant as a delivery service driver (*i.e.* Dasher) within three (3) years from the filing of this suit who, like Plaintiff, (i) have been misclassified as an "independent contractor;" and (ii) who have not been compensated at least

the full statutory minimum wage for all hours worked up to 40 each week. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Class").

43. Plaintiff has actual knowledge that putative Collective Action Members have been misclassified and denied their minimum wage. Plaintiff worked with other Dashers employed by Defendant. As such, he has personal knowledge of the pay violations. Furthermore, other Dashers have shared with him that they experienced similar pay violations as those described in this complaint. In fact, other Dashers who worked for Defendant have opted into this lawsuit as opt-in Plaintiffs.

44. Other Dashers similarly situated to Plaintiff work or have worked for Defendant and did not receive their minimum wage.

45. Other Dashers similarly situated to Plaintiff work or have worked for Defendant and were misclassified as independent contractors.

46. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having performed the same work duties as Plaintiff and being similarly situated with regard to Defendant's pay practices – specifically, misclassifying Dashers as independent contractors and denying them their minimum wage pay.

47. The putative Collective Action Members are similar to Plaintiff in terms of job duties, pay structure, and the denial of all due and owing wages.

48. Defendant's failure to pay the minimum wage to Dashers it misclassifies as independent contractors results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

49. The experiences of Plaintiff with respect to his misclassification and pay, or lack thereof, is typical of the experiences of the putative Collective Action Members.

50. The specific job titles or precise job responsibilities of each putative Collective Action Member does not prevent collective treatment.

51. Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of the technician employees.

52. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> **All current and former Dashers who worked for Defendant nationwide from any time starting three years before a collective action may be conditionally certified in the case until the date the case resolves.**

### VI.     CAUSE OF ACTION

**1.     Claim for Relief – Violation of the FLSA, Failure to Pay the Minimum Wage to Plaintiff and Putative Collective Action Members.**

53. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

54. The foregoing conduct, as alleged, violated the FLSA.

55. Plaintiff and the putative Collective Action are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked, as defined above. *See* 29 U.S.C. § 203(e)(1).

56. Defendant was, at all times relevant to this claim for relief, the employer of Plaintiff and the putative Collective Action. *See* 29 U.S.C. § 203(d).

57. Defendant is and was required to pay its employees, Plaintiff and the putative Collective Action, the minimum wage for all hours worked. 29 U.S.C. § 206.

58. Defendant failed to pay Plaintiff and the putative Collective Action their minimum wages for all hours worked in a given workweek.

59. Defendant's conduct was willful and done to avoid paying wages. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action are entitled to a three (3) year statute of limitations. *Id.*

60. Plaintiff seeks all damages to which he and the putative Collective Action are entitled under the FLSA, including their back wages, liquidated damages, attorneys' fees and

costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII.   JURY DEMAND

61.   Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Members have a right to jury trial.

## VIII.   DAMAGES AND PRAYER

62.   Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

- a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;
- b. An award of damages including all unpaid minimum wages for all hours worked up to forty in a workweek, and all liquidated damages, and restitution to be paid by Defendant;
- c. Costs of action incurred herein, including expert fees;
- d. Attorneys' fees and costs, including fees pursuant to 29 U.S.C. § 216;
- e. Post-judgment interest, as provided by law;
- f. Such other relief as the Court may deem just and proper.

DATED:  August 23, 2019

Respectfully submitted,

By:   s/Melinda Arbuckle
Melinda Arbuckle

**BARON & BUDD, P.C.**
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckl@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

**SHELLIST | LAZARZ | SLOBIN LLP**

Robert R. Debes, Jr. (*Pending PHV*)
bdebes@eeoc.net
Ricardo J. Prieto (*Pending PHV*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiff, Jacob McGrath, and Proposed Collective Action Members*