GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant DOORDASH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACOB MCGRATH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH, INC.,<br><br>Defendant. | CASE NO. 3:19-cv-05279-EMC<br><br>**DOORDASH, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declaration of Joshua Lipshutz and [Proposed] Order filed concurrently herewith*]<br><br>Action Filed: August 23, 2019<br><br>Hearing Date: January 16, 2020<br>Hearing Time: 1:30 p.m.<br>Hearing Place: Courtroom 5, 17th Floor<br>Honorable Judge Edward M. Chen |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 16, 2020, at 1:30 p.m., or as soon as the matter may be heard before the Honorable Edward M. Chen of the United States District Court for the Northern District of California in the San Francisco Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant DoorDash, Inc. will and does move this Court for an order dismissing this action.  This motion is brought on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.  *See* Fed. R. Civ. Proc. 12(b)(6).

DoorDash's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Joshua Lipshutz, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated:  October 18, 2019                    GIBSON, DUNN & CRUTCHER LLP


                                            By:  */s/ Joshua Lipshutz*
                                                    Joshua Lipshutz

                                            Attorneys for Defendant DOORDASH, INC.

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................................. 1

II.   ALLEGATIONS IN THE COMPLAINT AND PROCEDURAL HISTORY .......................... 1

III.  STANDARD OF REVIEW .................................................................................................... 2

IV.  THE COURT SHOULD DISMISS THIS ACTION ............................................................... 3

V.   CONCLUSION ...................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................. 2, 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................. 2, 3

*Byrd v. Masonite Corp.*,
   2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ................................................................................ 4

*Carter v. Rasier-CA, LLC*,
   724 F. App'x 586 (9th Cir. 2018) ................................................................................................. 4

*Carter v. Rasier-CA, LLC*,
   No. 4:17-cv-00003-HSG (N.D. Cal. Sept. 15, 2017) .................................................................... 4

*Castillo v. United Rentals, Inc.*,
   2018 WL 1382597 (W.D. Wash. Mar. 19, 2018) ......................................................................... 5

*Doe v. Wal-Mart Stores, Inc.*,
   572 F.3d 677 (9th Cir. 2009) ......................................................................................................... 2

*Gutierrez v. Aaron's Inc.*,
   2010 WL 4968142 (E.D. Cal. Dec. 1, 2010) ............................................................................. 3, 5

*Harding v. Time Warner, Inc.*,
   2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ............................................................................... 2

*Jasper v. C.R. England, Inc.*,
   2012 WL 7051321 (C.D. Cal. Aug. 30, 2012) .............................................................................. 2

*Landers v. Quality Commc'ns, Inc.*,
   771 F.3d 638 (9th Cir. 2015) ......................................................................................................... 3

*McMillian v. Overton Sec. Servs., Inc.*,
   2017 WL 4150906 (N.D. Cal. Sept. 19, 2017) ............................................................................. 4

*Reilly v. Recreational Equipment, Inc.*,
   2019 WL 1024960 (N.D. Cal. Mar. 4, 2019) ................................................................................ 4

*Rittman v. Amazon.com, Inc.*,
   2017 WL 881384 (W.D. Wash. Mar. 6, 2017) ............................................................................. 5

*Russell v. Gov't Emps. Ins. Co.*,
   2018 WL 1210763 (S.D. Cal. Mar. 8, 2018) ................................................................................. 5

*Schneider v. Space Sys./Loral, Inc.*,
    2011 WL 4344232 (N.D. Cal. Sept. 15, 2011) ...................................................................3

*Tan v. GrubHub, Inc.*,
    171 F. Supp. 3d 998 (N.D. Cal. 2016) ..........................................................................4, 5

*Velasco v. Elliot*,
    2018 WL 6069009 (N.D. Cal. Nov. 20, 2018)................................................................4

*Yucesoy v. Uber Techs., Inc.*,
    2016 WL 493189 (N.D. Cal. Feb. 9, 2016).....................................................................5

**Statutes**

29 U.S.C. § 207(e) ..............................................................................................................5

29 U.S.C. § 216 ..................................................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................................1

**Regulations**

29 C.F.R. § 778.109 ...........................................................................................................5

29 C.F.R. § 778.209 ...........................................................................................................5

Gibson, Dunn &
Crutcher LLP

v
DOORDASH, INC.'S MOTION TO DISMISS
CASE NO. 3:19-cv-05279-EMC

## I. INTRODUCTION

Plaintiff Jacob McGrath claims that Defendant DoorDash, Inc. failed to pay him minimum wage under the Fair Labor Standards Act ("FLSA"). But this case should be dismissed because Plaintiff's single-count Complaint fails to adequately plead that DoorDash did not pay him minimum wage. Plaintiff does not allege that he made *any* deliveries using the DoorDash app, let alone how many hours he worked, how much he was compensated, or whether he was paid less than minimum wage during any given workweek. Because Plaintiff's conclusory allegations fail to state a claim upon which relief can be granted, the Court should dismiss this action. Fed. R. Civ. P. 12(b)(6).

## II. ALLEGATIONS IN THE COMPLAINT AND PROCEDURAL HISTORY

Plaintiff alleges that DoorDash "hired" him and that he has "work[ed] as a Dasher from approximately October 10, 2018 to present." Compl. ¶¶ 4, 18. He further alleges that DoorDash compensates him though a "'delivery fee' … as well as any gratuity that the customer pays." *Id.* ¶ 19.

Plaintiff contends that he is "an 'employee' pursuant to the FLSA's economic realities test" because, for example, he "does not determine the amount he will charge DoorDash for his services," and "DoorDash requires Plaintiff … to comply with certain rules" or be "subject to reprimand and/or termination." *Id.* ¶ 20–23. He alleges that he "perform[s] delivery services within DoorDash's usual course of business as a food delivery service," that DoorDash unilaterally sets Plaintiff's compensation scheme, and that DoorDash does not reimburse certain business expenses. *Id.* ¶¶ 24–27.[1]

Plaintiff filed this lawsuit against DoorDash in August 2019 and asserts a single cause of action: failure to pay minimum wage under the FLSA, 29 U.S.C. § 216. Compl. ¶¶ 53–60. Plaintiff seeks to bring a collective action on behalf of "[a]ll current and former Dashers who worked for Defendant nationwide from any time starting three years before a collective action may be conditionally certified in the case until the date the case resolves." *Id.* ¶ 52.

The Complaint does not allege that Plaintiff has made any deliveries using the DoorDash app, how many hours (if any) Plaintiff has worked for DoorDash, what compensation (if any) he received, what time periods Plaintiff worked, what activities Plaintiff considers to be compensable, or whether

---

[1] DoorDash disputes that Plaintiff is an employee and that the FLSA minimum-wage requirement even applies to him.

Plaintiff was reimbursed less than the applicable minimum wage during any particular workweek. Nor does the Complaint allege any of this information on behalf of any putative collective action member.

### III. STANDARD OF REVIEW

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* at 678; *see, e.g.*, *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (finding that plaintiffs' "general statement that [defendant employer] exercised control over their day-to-day employment [wa]s a conclusion, not a factual allegation stated with any specificity" under *Twombly* and *Iqbal*, in affirming a motion to dismiss a labor action).

Courts follow a two-step approach when applying the plausibility standard. First, all conclusory statements and allegations must be pared from the complaint. *Twombly*, 550 U.S. at 555; *Harding v. Time Warner, Inc.*, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also id.* (Rule 8 requires more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]," or "naked assertions devoid of further factual enhancement" (citations omitted)). Courts "need not accept as true 'legal conclusions merely because they are cast in the form of factual allegations.'" *Jasper v. C.R. England, Inc.*, 2012 WL 7051321, at *3 (C.D. Cal. Aug. 30, 2012).

Second, after paring all conclusory allegations from the complaint, a court should review the complaint's remaining contents to determine whether they "plausibly" entitle the plaintiff to relief. For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendant's liability," or that a violation is "conceivable." *Iqbal*, 556 U.S. at 678–80 (citations omitted). Further, facts that raise a "mere possibility of misconduct" are insufficient—they must actually "*show*," in a

plausible way, that the plaintiff is entitled to relief. *Id.* at 679 (emphasis added); *see, e.g.*, *Gutierrez v. Aaron's Inc.*, 2010 WL 4968142, at *3 (E.D. Cal. Dec. 1, 2010) (dismissing wage and hour claims where Plaintiff merely provided "a legal conclusion and limited factual allegations supporting the claim"). The mere "possibility" of a violation is not enough. *Iqbal*, 556 U.S. at 679.

A complaint that asserts a minimum wage claim under the FLSA must be dismissed unless it "allege[s] facts showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2015) (affirming dismissal of FLSA minimum wage claim). A complaint that does not plausibly allege "at least one workweek" during which the plaintiff "was not paid minimum wages" must be dismissed. *Id.* at 646.

## IV.   THE COURT SHOULD DISMISS THIS ACTION

Plaintiff's Complaint offers a bare conclusion that he was not paid minimum wage, but he does not allege when (if at all) he completed deliveries using the DoorDash platform, how much he was compensated in any given workweek, how he calculates compensable time, the amount of business expenses that DoorDash allegedly withheld, or any other facts that would allow the Court to infer the plausibility of a violation of minimum wage requirements. Plaintiff's allegations are "naked assertion[s] devoid of further factual enhancement" and, therefore, insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Courts must dismiss complaints that "contain[] only bare assertions untethered to any facts about [the plaintiffs'] particular employment history." *Schneider v. Space Sys./Loral, Inc.*, 2011 WL 4344232, at *2 (N.D. Cal. Sept. 15, 2011) (dismissing overtime claim).

The Ninth Circuit has explained the pleading standard for FLSA minimum wage claims under *Twombly/Iqbal*. In *Landers*, the Ninth Circuit affirmed the dismissal of claims for failure to pay minimum wage and overtime under the FLSA. 771 F.3d at 640. The Court explained that before *Twombly* and *Iqbal*, "a complaint under the FLSA for minimum wages … merely had to allege that the employer failed to pay the employee minimum wages." *Id.* at 641. Now, however, "conclusory allegations that merely recite the statutory language are [not] adequate." *Id.* at 644. The plaintiff in *Landers* failed to state a claim for minimum wage because "[t]he complaint did not allege facts showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages." *Id.* at 645.

This Court frequently dismisses minimum wage claims where (as here) the plaintiff fails to meet the pleading standard for FLSA minimum wage claims set forth in *Landers*.

In *Carter v. Rasier-CA, LLC*, No. 4:17-cv-00003-HSG, Dkt. 40 (N.D. Cal. Sept. 15, 2017), for example, the plaintiff "allege[d] in conclusory fashion that Defendants 'did not pay [him] the prevailing minimum wage, for each hour worked.'"  Lipshutz Decl. Ex. A at 5.  The plaintiff further alleged that "there were periods or hours where Uber paid [him] $3.75 or less in fares."  *Id.*  This Court determined that the plaintiff "critically fail[ed] to explain how he calculated this figure, his hours worked, or his related hourly rate of pay."  *Id.*  Moreover, it was "unclear from the complaint whether Plaintiff's definition of 'hours worked' include[d] time spent simply logged into the Uber application in 'driver mode' or why such hours should be considered compensable time."  *Id.*  Because this Court "did not find his claims plausible," it dismissed the minimum wage claim, *id.*, and the Ninth Circuit affirmed, *Carter v. Rasier-CA, LLC*, 724 F. App'x 586 (9th Cir. 2018).

This Court also dismissed FLSA minimum wage claims in *Reilly v. Recreational Equipment, Inc.*, 2019 WL 1024960 (N.D. Cal. Mar. 4, 2019).  The plaintiff in *Reilly* alleged "that she 'was required to undergo security inspections without payment of minimum wages' … without further facts."  *Id.* at *4.  The plaintiff did "not plead how many hours she worked or any facts regarding a workweek when she was not paid minimum wage."  *Id.*  This Court dismissed the minimum wage claim as a "vague recitation" that was "insufficient to state a claim."  *Id.*

Other examples abound.  *See, e.g.*, *Velasco v. Elliot*, 2018 WL 6069009, at *4–5 (N.D. Cal. Nov. 20, 2018) (noting that the "*Landers* pleading standard for FLSA violations" applies to "similar California state law claims for … minimum wage violations" and dismissing minimum wage claim under *Landers* standard); *McMillian v. Overton Sec. Servs., Inc.*, 2017 WL 4150906, at *3 (N.D. Cal. Sept. 19, 2017) (plaintiff failed to state an FLSA minimum wage claim where he did "not allege[] any pay period where he was paid below the minimum wage"); *Byrd v. Masonite Corp.*, 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) (dismissing minimum wage claim because "[n]owhere in the Complaint does Plaintiff identify a specific instance in which he was denied a minimum wage"); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016) (dismissing minimum wage claim where "[t]here are no allegations about what period of time or type of conduct Plaintiffs are counting as hours worked");

*Yucesoy v. Uber Techs., Inc.*, 2016 WL 493189, at *5–6 (N.D. Cal. Feb. 9, 2016) (dismissing Massachusetts minimum wage claims with prejudice under FLSA standard); *see also Castillo v. United Rentals, Inc.*, 2018 WL 1382597, at *4 (W.D. Wash. Mar. 19, 2018) (dismissing minimum wage claim where the complaint did not "additionally allege that violations occurred for the specific week"); *Rittman v. Amazon.com, Inc.*, 2017 WL 881384, at *2 (W.D. Wash. Mar. 6, 2017) (dismissing minimum wage claim where the plaintiff's allegations "do not show there was a particular workweek in which any Plaintiff did not receive minimum wage … to which she was entitled") (quotation marks and citation omitted).

The allegations in this case are materially similar to the cases above, and the result should be the same as well. Here, Plaintiff simply alleges that he was "paid less than the statutory minimum wage," Compl. ¶ 41, but that "legal conclusion," with only "limited factual allegations supporting the claim," is not enough. *Gutierrez*, 2010 WL 4968142, at *3. Without "basic factual allegations" such as "what period of time or type of conduct Plaintiff[] [is] counting as hours worked," the Court "cannot conclude that [Plaintiff's] minimum wage … claims are plausible." *GrubHub*, 171 F. Supp. 3d at 1008. Because Plaintiff does not specify—or even estimate—what type of work he performed and when, the amount of business expenses that DoorDash allegedly held, how those withheld expenses caused his wages to dip below minimum wage in a given workweek, or any other critical facts, dismissal is appropriate.[2]

## V. CONCLUSION

Because Plaintiff has failed to state a claim upon which relief can be granted, the Court should dismiss this action.

---

[2] For these same reasons, Plaintiff fails to explain whether his compensation falls within the FLSA's definition of "total remuneration." Under the FLSA, "[t]he regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment … in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109. For purposes of calculating the regular rate, an employee's "total remuneration" includes nondiscretionary bonuses, but excludes several categories of payments, such as rewards for service and discretionary bonuses, among others. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.209 (providing further guidelines for calculating bonuses into the regular rate); *Russell v. Gov't Emps. Ins. Co.*, 2018 WL 1210763, at *3 (S.D. Cal. Mar. 8, 2018).

| | | |
|---|---|---|
| 1 | Dated: October 18, 2019 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | | |
| 3 | | By: /s/ Joshua Lipshutz |
| 4 | | Joshua Lipshutz |
| 5 | | Attorneys for Defendant DOORDASH, INC. |

# PROOF OF SERVICE

I, Timothy Kolesk, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State.  On October 18, 2019, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS**

**DECLARATION OF JOSHUA LIPSHUTZ**

**NOTICE OF APPEARANCE OF COUNSEL**

**CERTIFICATION OF INTERESTED ENTITIES**

On the parties stated below, by the following means of service:

> Robert R. Debes, Jr.
> bdebes@eeoc.net
> Ricardo J. Prieto
> rprieto@eeoc.net
> SHELLIST | LAZARZ | SLOBIN LLP
> 11 Greenway Plaza, Suite 1515
> Houston, Texas 77046
> Telephone: (713) 621-2277
> Facsimile: (713) 621-0993
>
> Melinda Arbuckle, Cal. Bar No. 302723
> marbuckl@baronbudd.com
> BARON & BUDD, P.C.
> 15910 Ventura Boulevard, Suite 1600
> Encino, California 91436
> Telephone: (818) 839-6506
> Facsimile: (818) 986-9698

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2019

                                              */s/ Timothy Kolesk*
                                              Timothy Kolesk