GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant DOORDASH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACOB MCGRATH, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DOORDASH, INC.,<br><br>　　　　　　Defendant. | CASE NO. 3:19-cv-05279-EMC<br><br>**DOORDASH, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*[Proposed] Order filed concurrently herewith*]<br><br>Action Filed: August 23, 2019<br><br>Hearing Date: January 23, 2020<br>Hearing Time: 1:30 p.m.<br>Hearing Place: Courtroom 5, 17th Floor<br>Honorable Judge Edward M. Chen |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 23, 2020, at 1:30 p.m., or as soon as the matter may be heard before the Honorable Edward M. Chen of the United States District Court for the Northern District of California in the San Francisco Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant DoorDash, Inc. will and does move this Court for an order dismissing this action with prejudice. This motion is brought on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. Proc. 12(b)(6).

Plaintiff initially filed his Complaint on August 23, 2019. Dkt. 1. DoorDash moved to dismiss the Complaint on October 18, 2019. Dkt. 18. On November 1, 2019, Plaintiff filed his First Amended Complaint ("FAC"), Dkt. 28, and also filed an Opposition to DoorDash's motion, "in the unlikely event the Court does not find that the filing of the First Amended Complaints moots Defendant's MTD." Dkt. 30. Therefore, DoorDash respectfully withdraws its previously filed Motion to Dismiss, Dkt. 18, against Plaintiff's original Complaint, and requests that this Court dismiss Plaintiff's FAC with prejudice.

DoorDash's current motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated:  November 12, 2019              GIBSON, DUNN & CRUTCHER LLP


By: /s/ Joshua Lipshutz
　　　Joshua Lipshutz

Attorneys for Defendant DOORDASH, INC.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................... 1

II. PROCEDURAL HISTORY AND ALLEGATIONS IN THE COMPLAINT ......................... 1

III. STANDARD OF REVIEW ...................................................................................................... 2

IV. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FLSA .............................. 3

    A. The Conclusory Allegations Of The Named Plaintiff (McGrath) Fail To State A Claim .................................................................................................................. 5

    B. The Conclusory Allegations Of An Unnamed Plaintiff (Smiley) Cannot Save Plaintiff's Claim .......................................................................................................... 6

    C. This Action Should Be Dismissed With Prejudice ...................................................... 7

V. CONCLUSION ......................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................2, 4

*Boyle v. Madigan*,
  492 F.2d 1180 (9th Cir. 1974) ......................................................................................................6

*Byrd v. Masonite Corp.*,
  2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ..............................................................................5, 6

*Carter v. Rasier-CA, LLC*,
  2017 WL 4098858 (N.D. Cal. Sept. 15, 2017), ..........................................................................4, 5

*Carter v. Rasier-CA, LLC*,
  724 F. App'x 586 (9th Cir. 2018) ..................................................................................................4

*Castillo v. United Rentals, Inc.*,
  2018 WL 1382597 (W.D. Wash. Mar. 19, 2018) .........................................................................5

*Desaigoudar v. Meyercord*,
  223 F.3d 1020 (9th Cir. 2000) ......................................................................................................7

*Doe v. Wal-Mart Stores, Inc.*,
  572 F.3d 677 (9th Cir. 2009) ........................................................................................................2

*Gutierrez v. Aaron's Inc.*,
  2010 WL 4968142 (E.D. Cal. Dec. 1, 2010) ............................................................................3, 5

*Harding v. Time Warner, Inc.*,
  2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ..............................................................................2

*Jasper v. C.R. England, Inc.*,
  2012 WL 7051321 (C.D. Cal. Aug. 30, 2012) ..............................................................................3

*Landers v. Quality Commc'ns, Inc.*,
  771 F.3d 638 (9th Cir. 2015) ...........................................................................................3, 4, 5, 6

*Maple v. Costco Wholesale Corp.*,
  649 F. App'x 570 (9th Cir. 2016) .................................................................................................6

*McMillian v. Overton Sec. Servs., Inc.*,
  2017 WL 4150906 (N.D. Cal. Sept. 19, 2017) .............................................................................4

*Reilly v. Recreational Equipment, Inc.*,
   2019 WL 1024960 (N.D. Cal. Mar. 4, 2019)..................................................................................4

*Ribot v. Farmers Ins. Grp.*,
   2014 WL 2510883 (C.D. Cal. June 4, 2014) .................................................................................6

*Rittman v. Amazon.com, Inc.*,
   2017 WL 881384 (W.D. Wash. Mar. 6, 2017) ..............................................................................5

*Russell v. Gov't Emps. Ins. Co.*,
   2018 WL 1210763 (S.D. Cal. Mar. 8, 2018) .................................................................................6

*Schneider v. Space Sys./Loral, Inc.*,
   2011 WL 4344232 (N.D. Cal. Sept. 15, 2011) ..............................................................................7

*Tan v. GrubHub, Inc.*,
   171 F. Supp. 3d 998 (N.D. Cal. 2016) ..........................................................................................5

*Velasco v. Elliot*,
   2018 WL 6069009 (N.D. Cal. Nov. 20, 2018)..............................................................................4

*Yucesoy v. Uber Techs., Inc.*,
   2016 WL 493189 (N.D. Cal. Feb. 9, 2016) ..................................................................................5

**Statutes**

29 U.S.C. § 207(e) ...............................................................................................................................6

29 U.S.C. § 216 ...................................................................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................................................................1

**Regulations**

29 C.F.R. § 778.109 ............................................................................................................................6

29 C.F.R. § 778.209 ............................................................................................................................6

## I. INTRODUCTION

Plaintiff Jacob McGrath claims that Defendant DoorDash, Inc. failed to pay him minimum wage under the Fair Labor Standards Act ("FLSA"). Plaintiff's original single-count Complaint failed to adequately plead that DoorDash did not pay him minimum wage, so DoorDash moved to dismiss. Plaintiff responded by filing a First Amended Complaint ("FAC"), but the FAC fails for the same reason: Plaintiff still does not allege that he made *any* deliveries using the DoorDash app, how much he was compensated, or whether he was paid less than minimum wage during any given workweek. The "new" allegations contained in the FAC thus remain conclusory and fail to state a claim upon which relief can be granted. Accordingly, this Court should dismiss this action with prejudice. Fed. R. Civ. P. 12(b)(6).

## II. PROCEDURAL HISTORY AND ALLEGATIONS IN THE COMPLAINT

Plaintiff filed his original Complaint on August 23, 2019. Dkt. 1. DoorDash moved to dismiss the Complaint on October 18, 2019 for failure to state a claim. Dkt. 18. On November 1, 2019, Plaintiff filed the FAC, Dkt. 28, and also filed an Opposition to DoorDash's Motion, "in the unlikely event the Court does not find that the filing of the First Amended Complaints moots Defendant's MTD," Dkt. 30.

The operative FAC asserts a single cause of action: failure to pay minimum wage under the FLSA, 29 U.S.C. § 216. FAC ¶¶ 56–60. Plaintiff alleges that DoorDash "hired" him and that he has "work[ed] as a Dasher from approximately October 10, 2018 to present."[1] *Id.* ¶¶ 4, 18. He further alleges that DoorDash compensates him though a "'delivery fee' … as well as any gratuity that the customer pays." *Id.* ¶ 21. Plaintiff alleges that he "worked for DoorDash approximately ten (10) to fifteen hours a week" and that "[t]his is generally Plaintiff's weekly work schedule." FAC ¶ 19. Plaintiff alleges that his "estimate of his weekly total hours does not include compensable time Plaintiff spends engaged to wait via DoorDash's app (i.e., time Plaintiff was not free to use for his own purposes)" which "can add an additional 5 hours per week." *Id.* ¶ 23. But no further details are provided: Plaintiff does not allege that he has made any deliveries using the DoorDash app, how many

---

[1] DoorDash disputes that Plaintiff is an employee and that the FLSA minimum-wage requirement even applies to him.

hours he has actually worked for DoorDash, what compensation (if any) he received, what time periods Plaintiff worked, or whether Plaintiff was reimbursed less than the applicable minimum wage during any particular workweek.

The FAC also includes allegations of a purported "Opt-In Plaintiff Vickie Smiley," who is not a named plaintiff. *Id.* ¶ 18. The FAC alleges that Smiley "worked for DoorDash approximately ten (10) to fifteen (15) hours a week" and that "[t]his is generally Smiley's weekly work schedule," for which Smiley allegedly earns "'delivery fees' of approximately $75." *Id.* ¶ 22. The FAC does not provide any other factual details about Smiley.

### III.  STANDARD OF REVIEW

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* at 678; *see, e.g.*, *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (finding that plaintiffs' "general statement that [defendant employer] exercised control over their day-to-day employment [wa]s a conclusion, not a factual allegation stated with any specificity" under *Twombly* and *Iqbal*, in affirming a motion to dismiss a labor action).

Courts follow a two-step approach when applying the plausibility standard. First, all conclusory statements and allegations must be pared from the complaint. *Twombly*, 550 U.S. at 555; *Harding v. Time Warner, Inc.*, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also id.* (Rule 8 requires more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]," or "naked assertions devoid of further factual enhancement" (citations omitted)).

Courts "need not accept as true 'legal conclusions merely because they are cast in the form of factual allegations.'" *Jasper v. C.R. England, Inc.*, 2012 WL 7051321, at *3 (C.D. Cal. Aug. 30, 2012).

Second, after paring all conclusory allegations from the complaint, a court should review the complaint's remaining contents to determine whether they "plausibly" entitle the plaintiff to relief. For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendant's liability," or that a violation is "conceivable." *Iqbal*, 556 U.S. at 678–80 (citations omitted). Further, facts that raise a "mere possibility of misconduct" are insufficient—they must actually "*show*," in a plausible way, that the plaintiff is entitled to relief. *Id.* at 679 (emphasis added); *see, e.g.*, *Gutierrez v. Aaron's Inc.*, 2010 WL 4968142, at *3 (E.D. Cal. Dec. 1, 2010) (dismissing wage and hour claims where Plaintiff merely provided "a legal conclusion and limited factual allegations supporting the claim"). The mere "possibility" of a violation is not enough. *Iqbal*, 556 U.S. at 679.

A complaint that asserts a minimum wage claim under the FLSA must be dismissed unless it "allege[s] facts showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2015) (affirming dismissal of FLSA minimum wage claim). A complaint that does not plausibly allege "at least one workweek" during which the plaintiff "was not paid minimum wages" must be dismissed. *Id.* at 646.

### IV.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FLSA

This Court should dismiss this action because Plaintiff's allegations are "naked assertion[s] devoid of further factual enhancement" and, therefore, insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Plaintiff's FAC offers a bare conclusion that he was not paid minimum wage, but he does not allege when (if at all) he completed deliveries using the DoorDash platform, how much he was compensated in any given workweek, the amount of business expenses that DoorDash allegedly withheld, or any other facts that would allow the Court to infer the plausibility of a violation of minimum wage requirements.

The Ninth Circuit has explained the pleading standard for FLSA minimum wage claims under *Twombly/Iqbal*. In *Landers*, the Ninth Circuit affirmed the dismissal of claims for failure to pay minimum wage and overtime under the FLSA. 771 F.3d at 640. The Court explained that before *Twombly* and *Iqbal*, "a complaint under the FLSA for minimum wages … merely had to allege that the

employer failed to pay the employee minimum wages." *Id.* at 641.  Now, however, "conclusory allegations that merely recite the statutory language are [not] adequate." *Id.* at 644.  The plaintiff in *Landers* failed to state a claim for minimum wage because "[t]he complaint did not allege facts showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages." *Id.* at 645.

This Court frequently dismisses minimum wage claims where (as here) the plaintiff fails to meet the pleading standard for FLSA minimum wage claims set forth in *Landers*.  In *Carter v. Rasier-CA, LLC*, 2017 WL 4098858, at *3 (N.D. Cal. Sept. 15, 2017), for example, the plaintiff "allege[d] in conclusory fashion that Defendants 'did not pay [him] the prevailing minimum wage, for each hour worked.'"  The plaintiff further alleged that "there were periods or hours where Uber paid [him] $3.75 or less in fares."  *Id.*  This Court determined that the plaintiff "critically fail[ed] to explain how he calculated this figure, his hours worked, or his related hourly rate of pay." *Id.*  Moreover, it was "unclear from the complaint whether Plaintiff's definition of 'hours worked' include[d] time spent simply logged into the Uber application in 'driver mode' or why such hours should be considered compensable time." *Id.*  Because this Court did not "find his claims plausible," it dismissed the minimum wage claim, *id.*, and the Ninth Circuit affirmed, *Carter v. Rasier-CA, LLC*, 724 F. App'x 586 (9th Cir. 2018).

This Court also dismissed FLSA minimum wage claims in *Reilly v. Recreational Equipment, Inc.*, 2019 WL 1024960 (N.D. Cal. Mar. 4, 2019).  The plaintiff in *Reilly* alleged "that she 'was required to undergo security inspections without payment of minimum wages' … without further facts."  *Id.* at *4.  The plaintiff did "not plead how many hours she worked or any facts regarding a workweek when she was not paid minimum wage." *Id.*  This Court dismissed the minimum wage claim as a "vague recitation" that was "insufficient to state a claim." *Id.*

Other examples abound.  *See, e.g.*, *Velasco v. Elliot*, 2018 WL 6069009, at *4–5 (N.D. Cal. Nov. 20, 2018) (noting that the "*Landers* pleading standard for FLSA violations" applies to "similar California state law claims for … minimum wage violations" and dismissing minimum wage claim under *Landers* standard); *McMillian v. Overton Sec. Servs., Inc.*, 2017 WL 4150906, at *3 (N.D. Cal. Sept. 19, 2017) (plaintiff failed to state an FLSA minimum wage claim where he did "not allege[] any

pay period where he was paid below the minimum wage"); *Byrd v. Masonite Corp.*, 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) (dismissing minimum wage claim because "[n]owhere in the Complaint does Plaintiff identify a specific instance in which he was denied a minimum wage"); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016) (dismissing minimum wage claim where "[t]here are no allegations about what period of time or type of conduct Plaintiffs are counting as hours worked"); *Yucesoy v. Uber Techs., Inc.*, 2016 WL 493189, at *5–6 (N.D. Cal. Feb. 9, 2016) (dismissing Massachusetts minimum wage claims with prejudice under FLSA standard); *see also Castillo v. United Rentals, Inc.*, 2018 WL 1382597, at *4 (W.D. Wash. Mar. 19, 2018) (dismissing minimum wage claim where the complaint did not "additionally allege that violations occurred for the specific week"); *Rittman v. Amazon.com, Inc.*, 2017 WL 881384, at *2 (W.D. Wash. Mar. 6, 2017) (dismissing minimum wage claim where the plaintiff's allegations "do not show there was a particular workweek in which any Plaintiff did not receive minimum wage … to which she was entitled") (quotation marks and citation omitted).

### A. The Conclusory Allegations Of The Named Plaintiff (McGrath) Fail To State A Claim

The Court should dismiss this case as the allegations are materially similar to the cases above and the result should be the same. Here, the FAC merely alleges that Plaintiff "typically worked for DoorDash approximately ten (10) to fifteen (15) hours each week" but fails to provide any factual allegations regarding the amount of money earned in "a given week in which [the plaintiff] was entitled to but denied minimum wages." *Landers*, 771 F.3d at 645. Plaintiff simply alleges that he was "paid less than the statutory minimum wage," FAC ¶ 44, but that "legal conclusion," with only "limited factual allegations supporting the claim," is not enough. *Gutierrez*, 2010 WL 4968142, at *3.

Further, it remains "unclear from the complaint whether Plaintiff's definition of 'hours worked' include[d] time spent simply logged into the … application … or why such hours should be considered compensable time." *Carter*, 2017 WL 4098858, at *3. Without "basic factual allegations" such as "what period of time or type of conduct Plaintiff[] [is] counting as hours worked," the Court "cannot conclude that [Plaintiff's] minimum wage … claims are plausible." *GrubHub*, 171 F. Supp. 3d at 1008. Because Plaintiff does not specify—or even estimate—what type of work he performed and when, the amount of business expenses that DoorDash allegedly held, how those withheld expenses caused his

1  wages to dip below minimum wage in a given workweek, or any other critical facts, dismissal is
2  appropriate.[2]

3  **B.  The Conclusory Allegations Of An Unnamed Plaintiff (Smiley) Cannot Save Plaintiff's
4  Claim**

5  Opt-in Plaintiff Smiley's allegations are wholly irrelevant because they cannot relieve
6  *McGrath* of the requirement to allege sufficient details about *his own* work history.  *See Boyle v.*
7  *Madigan*, 492 F.2d 1180, 1182 (9th Cir. 1974) (dismissal "is the proper course to follow where the
8  named plaintiffs have failed to state a claim in themselves for the relief they seek"); *Maple v. Costco*
9  *Wholesale Corp.*, 649 F. App'x 570, 572 (9th Cir. 2016) ("[B]ecause Plaintiff's own individual claim
10 fails, dismissal without leave to amend was correct…."); *see also Ribot v. Farmers Ins. Grp.*, 2014
11 WL 2510883, at *11 (C.D. Cal. June 4, 2014) ("When a named plaintiff has no cognizable claim for
12 relief, 'she cannot represent others who may have such a claim, and her bid to serve as a class
13 representative must fail.'").

14 To the extent they are relevant at all, the allegations of "Opt-in Plaintiff" Smiley are similarly
15 conclusory to McGrath's and cannot save the FAC from dismissal. *Landers*, 771 F.3d at 645.  Smiley's
16 allegations include "approximate[]" figures from "a given workweek," FAC ¶ 22, but it is unclear
17 whether these approximations are reflective of hours *actually* worked and *actually* earned in the same
18 given workweek.  In short, Smiley has failed to "identify a *specific* instance in which [s]he was denied
19 a minimum wage." *E.g.*, *Byrd v. Masonite Corp.*, 2016 WL 756523, at *3 (emphasis added).  Further,
20 beyond the estimation of $75 in delivery fees earned, the FAC fails to allege whether Smiley has made
21 any deliveries using the DoorDash app, how many hours she has actually worked for DoorDash, what
22 compensation (if any) beyond delivery fees she has received, what time periods she worked, what

---

[2] For these same reasons, Plaintiff fails to explain whether his compensation falls within the FLSA's definition of "total remuneration."  Under the FLSA, "[t]he regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment … in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.  For purposes of calculating the regular rate, an employee's "total remuneration" includes nondiscretionary bonuses, but excludes several categories of payments, such as rewards for service and discretionary bonuses, among others.  *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.209 (providing further guidelines for calculating bonuses into the regular rate); *Russell v. Gov't Emps. Ins. Co.*, 2018 WL 1210763, at *3 (S.D. Cal. Mar. 8, 2018).

activities she considers to be compensable, or whether she was reimbursed less than the applicable minimum wage during any *particular* workweek.  Courts must dismiss complaints that "contain[] only bare assertions untethered to any facts about [the plaintiffs'] particular employment history." *Schneider v. Space Sys./Loral, Inc.*, 2011 WL 4344232, at *2 (N.D. Cal. Sept. 15, 2011) (dismissing overtime claim).

**C.     This Action Should Be Dismissed With Prejudice**

DoorDash's first motion to dismiss put Plaintiff on notice of the deficiencies in his complaint, and yet the FAC makes no attempt to cure those deficiencies.  Accordingly, this action should be dismissed with prejudice.  *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1026 (9th Cir. 2000) ("discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

**V.     CONCLUSION**

Because Plaintiff has again failed to state a claim upon which relief can be granted, the Court should dismiss this action with prejudice.

Dated:  November 12, 2019                GIBSON, DUNN & CRUTCHER LLP


By: */s/ Joshua Lipshutz*
                Joshua Lipshutz

Attorneys for Defendant DOORDASH, INC.

**PROOF OF SERVICE**

I, Timothy Kolesk, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State.  On November 12, 2019, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS**

**[PROPOSED] ORDER**

On the parties stated below, by the following means of service:

Robert R. Debes, Jr.
bdebes@eeoc.net
Ricardo J. Prieto
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle, Cal. Bar No. 302723
marbuckl@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**:  On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 12, 2019

_/s/ Timothy Kolesk_
Timothy Kolesk