UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MCGRATH,<br><br>    Plaintiff,<br><br>v.<br><br>DOORDASH, INC.,<br><br>    Defendant. | Case No. 19-cv-05279-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY DEADLINES**<br><br>Docket No. 52 |

Defendant has filed a motion to stay proceedings in this case pending preliminary and final approval of a class action settlement in a case in state court. A hearing on this motion is currently set for January 23, 2020. Defendant's motion to dismiss, as well as Plaintiff's motion for conditional certification, have been temporarily stayed so that the Court may address the motion to stay proceedings first.

Defendant has now filed a motion to stay discovery deadlines pending the Court's resolution of both (1) Defendant's motion to stay proceedings and (2) Defendant's motion to dismiss. Defendant has styled the motion to stay discovery deadlines as an administrative motion. The motion to stay discovery deadlines is not an administrative motion. This is now the second time that Defendant has improperly taken this approach in order to get its request for relief addressed on shortened time. Defendant is advised that the Court will not condone this conduct in the future, and Defendant may be sanctioned if it continues to engage in this behavior. If Defendant seeks substantive relief from the Court and wants that request heard on shortened time, then it must file a request for shortened time per the Civil Local Rules.

As for the merits of the motion to stay discovery deadlines, it is denied. The Court previously ordered that discovery would proceed to the extent needed for mediation. *See* Docket

No. 36 (minutes for 11/14/2019 initial CMC) ("Parties stated they will proceed with discovery to prepare for mediation in the next two months."). Defendant has failed to show that mediation would be completely unnecessary if the state court class action settlement were to be approved. Moreover, Defendant has failed to show that the filing of its motion to dismiss warrants a stay of discovery. If Defendant takes issue with the scope of the discovery (*e.g.*, as being overbroad for purposes of mediation), that is a matter on which the parties should meet and confer.

This order disposes of Docket No. 52.

**IT IS SO ORDERED**.

Dated: January 2, 2020

_____
EDWARD M. CHEN
United States District Judge