OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
Northern District of California

CIVIL MINUTES

**Date:** June 25, 2020   **Time:** 1:58-2:24= 26 Minutes   **Judge:** EDWARD M. CHEN

**Case No.**: 19-cv-05279-EMC   **Case Name:** McGrath v. Doordash, Inc.

**Attorney for Plaintiff:** Ricardo Prieto
**Attorneys for Defendant:** Josh Lipshutz, Michael Holecek

**Deputy Clerk:** Angella Meuleman   **Court Reporter:** Ana Dub

PROCEEDINGS HELD BY ZOOM WEBINAR

[33] Motion to Dismiss;
[49] Administrative Motion To Stay Pending Final Approval of Class Settlement  - held.

SUMMARY

Parties stated appearances and proffered argument.

DoorDash's motion to stay pending final approval of the *Marciano* settlement is denied without prejudice.  The Marciano settlement (covering California and Massachusetts drivers), if approved, may narrow the size of the collective in the instant case.  However, the settlement will not completely dispose of this case, as this case is nationwide in scope and there may be opt outs from *Marciano*.  The Court is also mindful of the risk that the instant litigation could interfere with the *Marciano* settlement, e.g. if notices are sent out in both cases at the same time which may cause confusion among collective members.  But these concerns will not be relevant until this Court reaches the motion for preliminary/conditional certification; that likely will not take place for several months.  There is no reason this case should not proceed as there are other measures to adjudicate first, including DoorDash's motions to dismiss and to compel arbitration.

DoorDash's motion to dismiss is granted with leave to amend.  Mr. McGrath's allegations do not satisfy the Ninth Circuit's Landers standard.  Per *Landers*, allegations of "regular" violations are insufficient to state a plausible claim without more factual details.  The operative complaint does not include allegations about a specific week where Mr. McGrath was not paid a minimum wage or allegations about an average week, nor does it include any additional factual details that would allow defendants and the Court to see the calculation used to determine that he was paid less than the minimum wage.  For example, although Mr. McGrath alleges that he typically worked 10-15

hours per week, he does not specify how much he was paid each week. Although some of these details are pled with regard to Ms. Smiley, Mr. McGrath is the named plaintiff and his allegations are insufficient. As noted on the record, there are also insufficient details about e.g. the indirect claims and claims for reimbursement. Mr. McGrath shall file his amended complaint within 15 days. DoorDash shall thereafter have 20 days to file a response. Plaintiff is warned that no further curative amendments will be permitted. The parties are scheduled to appear at a further case management conference on September 10, 2020, at 10:30 a.m. The parties have already exchanged initial disclosures. The parties are to meet and confer to discuss what discovery can take place in the next 60-75 days.