GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:   415.393.8306

THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant DOORDASH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACOB MCGRATH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH, INC.,<br><br>Defendant. | CASE NO. 3:19-cv-05279-EMC<br><br>**DOORDASH, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*[Proposed] Order and Declaration of Michael Holecek filed concurrently herewith*]<br><br>Action Filed:  August 23, 2019<br><br>Hearing Date: September 10, 2020<br>Hearing Time: 10:30 a.m.<br>Hearing Place: Courtroom 5, 17th Floor<br>Honorable Judge Edward M. Chen |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 10, 2020, at 10:30 a.m., or as soon as the matter may be heard before the Honorable Edward M. Chen of the United States District Court for the Northern District of California in the San Francisco Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant DoorDash, Inc. will and does move this Court for an order dismissing this action with prejudice. This motion is brought on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. Proc. 12(b)(6).

In August 2019, Plaintiff filed his initial Complaint alleging violations of the Fair Labor Standards Act's minimum wage requirements. Dkt. 1. In October 2019, DoorDash moved to dismiss the Complaint for failure to state a claim under *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2015). Dkt. 18. In November 2019, Plaintiff filed his First Amended Complaint ("FAC"). Dkt. 28. DoorDash again moved to dismiss for failure to state a claim under *Landers*. Dkt. 33. This Court granted DoorDash's motion to dismiss the FAC in June 2020. Dkt. 145. Plaintiff filed the operative Second Amended Complaint ("SAC") on July 10, 2020, which adds an overtime claim for the first time. Dkt. 154. But Plaintiff still has not satisfied the *Landers* pleading standard for either his minimum wage or overtime claims. Because the Court has warned that no further curative amendments will be permitted (Dkt. 145 at 2), the SAC should be dismissed with prejudice.

DoorDash's current motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated: July 30, 2020                                         GIBSON, DUNN & CRUTCHER LLP


By:         */s/ Joshua Lipshutz*
                Joshua Lipshutz

Attorneys for Defendant DOORDASH, INC.

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. PROCEDURAL HISTORY AND ALLEGATIONS IN THE COMPLAINT ......................... 1

III. STANDARD OF REVIEW ............................................................................................... 3

IV. ARGUMENT .................................................................................................................... 4

    A. McGrath Fails To State A Claim Under The FLSA ........................................... 4

        1. McGrath Fails To State A Minimum Wage Claim ............................ 6

        2. McGrath Fails To State An Overtime Claim ...................................... 8

    B. The Conclusory Allegations Of An Unnamed Plaintiff (Smiley) Cannot Save McGrath's Claims ............................................................................................. 9

    C. This Action Should Be Dismissed With Prejudice ......................................... 10

V. CONCLUSION ............................................................................................................... 10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................. 3, 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................................3

*Bielma v. Bostic*,
  2016 WL 29624 (S.D. Cal. Jan. 4, 2016) ....................................................................................7

*Boyle v. Madigan*,
  492 F.2d 1180 (9th Cir. 1974) .....................................................................................................9

*Bravo v. On Delivery Servs., LLC*,
  2018 WL 2387835 (N.D. Cal. May 25, 2018) ............................................................................6

*Byrd v. Masonite Corp.*,
  2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ................................................................. 6, 8, 9, 10

*Castillo v. United Rentals, Inc.*,
  2018 WL 1382597 (W.D. Wash. Mar. 19, 2018) .......................................................................6

*Desaigoudar v. Meyercord*,
  223 F.3d 1020 (9th Cir. 2000) ...................................................................................................10

*Doe v. Wal-Mart Stores, Inc.*,
  572 F.3d 677 (9th Cir. 2009) .......................................................................................................3

*Gutierrez v. Aaron's Inc.*,
  2010 WL 4968142 (E.D. Cal. Dec. 1, 2010) ..............................................................................4

*Haralson v. United Airlines, Inc.*,
  224 F. Supp. 3d 928 (N.D. Cal. 2016) .................................................................................... 8, 9

*Harding v. Time Warner, Inc.*,
  2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ....................................................................... 3, 4

*Heck v. Heavenly Couture, Inc.*,
  2017 WL 4476999 (S.D. Cal. Oct. 6, 2017) ...................................................................... 5, 7, 9

*Jasper v. C.R. England, Inc.*,
  2012 WL 7051321 (C.D. Cal. Aug. 30, 2012) ............................................................................4

*Johnson v. Winco Foods, LLC*,
  2018 WL 6017012 (C.D. Cal. Apr. 2, 2018) ..............................................................................8

*Landers v. Quality Communications, Inc.*,
  771 F.3d 638 (9th Cir. 2015) .................................................................................................. passim

*Lindsey v. Normet*,
  405 U.S. 56 (1972) ............................................................................................................................7

*Maple v. Costco Wholesale Corp.*,
  649 F. App'x 570 (9th Cir. 2016) ....................................................................................................9

*Marsh v. J. Alexanders LLC*,
  905 F.3d 610 (9th Cir. 2018) ......................................................................................................7, 8

*McMillian v. Overton Sec. Servs., Inc.*,
  2017 WL 4150906 (N.D. Cal. Sept. 19, 2017) ............................................................................5, 6

*Perez v. Wells Fargo & Co.*,
  75 F. Supp. 3d 1184 (N.D. Cal. 2014) .......................................................................................5, 6, 7

*Ratcliffe v. Apex Sys., LLC*,
  2019 WL 5963759 (S.D. Cal. Nov. 13, 2019) .................................................................................9

*Reilly v. Recreational Equipment, Inc.*,
  2019 WL 1024960 (N.D. Cal. Mar. 4, 2019) ..................................................................................5

*Ribot v. Farmers Ins. Grp.*,
  2014 WL 2510883 (C.D. Cal. June 4, 2014) ................................................................................10

*Rio v. Uber Techs., Inc.*,
  2016 WL 10837864 (N.D. Cal. Mar. 28, 2016) ..............................................................................8

*Ritenour v. Carrington Mortg. Servs., LLC*,
  228 F. Supp. 3d 1025 (C.D. Cal. 2017) ...........................................................................................6

*Rittman v. Amazon.com, Inc.*,
  2017 WL 881384 (W.D. Wash. Mar. 6, 2017) ................................................................................6

**Statutes**

29 U.S.C. § 203(m)(2)(A) .................................................................................................................7, 8

**Rules**

Fed. R. Civ. P. 12(b)(6) .........................................................................................................................1

**Other Authorities**

U.S. Dep't of Labor, "Minimum Wages for Tipped Employees" (July 1, 2020),
  https://bit.ly/3jNrmHQ ....................................................................................................................7

## I.  INTRODUCTION

This is Plaintiff Jacob McGrath's third attempt to allege that Defendant DoorDash, Inc. failed to pay him minimum wage under the Fair Labor Standards Act ("FLSA").  This Court dismissed the previous complaint for failure to state a claim under *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645 (9th Cir. 2015), which requires plaintiffs to identify a "given workweek" in which they were paid less than the required minimum wage or overtime.  Plaintiff did not meet the *Landers* standard then, and he does not meet it now.

The operative Second Amended Complaint ("SAC"), which adds an overtime claim for the first time, suffers the same fatal flaw as the previous complaints:  It still does not plausibly allege that Plaintiff was paid less than minimum wage or denied overtime premiums during any given workweek.  The SAC's "new" allegations remain conclusory and fail to satisfy *Landers* because the SAC does not allege Plaintiff's "hourly rate actually paid" or any specific week in which an FLSA violation occurred.  To the contrary, Plaintiff carefully avoids specifying his total compensation *at all*—quantifying instead only one component of his compensation ("delivery fees") while omitting another ("gratuities"), even though both are relevant to claims under the FLSA.  The only plausible conclusion to be drawn from this artful pleading (and, in fact, the truth) is that Plaintiff's total compensation did not violate the FLSA.  When the Court dismissed Plaintiff's prior complaint, it warned Plaintiff "that no further curative amendments will be permitted."  Dkt. 145 at 2.  Because Plaintiff still does not state a claim under *Landers*, this Court should dismiss this action with prejudice.  Fed. R. Civ. P. 12(b)(6).

## II.  PROCEDURAL HISTORY AND ALLEGATIONS IN THE COMPLAINT

Plaintiff filed his original Complaint in August 2019.  Dkt. 1.  DoorDash moved to dismiss the Complaint for failure to state a claim under *Landers*.  Dkt. 18.  Rather than oppose DoorDash's motion, Plaintiff filed a First Amended Complaint ("FAC") in November 2019.  Dkt. 28.  DoorDash moved to dismiss the FAC for failure to state a claim under *Landers*.  Dkt. 33.

In June 2020, this Court granted DoorDash's motion to dismiss, finding that the "allegations do not satisfy the Ninth Circuit's *Landers* standard."  Dkt. 145 at 1.  The Court found that the FAC failed to "include allegations about a specific week where Mr. McGrath was not paid a minimum wage or allegations about an average week, nor does it include any additional factual details that would allow

defendants and the Court to see the calculation used to determine that he was paid less than the minimum wage." *Id.*  The Court noted that Plaintiff's allegation "that he typically worked 10–15 hours per week" was insufficient because "he does not specify how much he was paid each week." *Id.* at 1–2.  Thus, the Court told Plaintiff that it would "like to see specificity" in the SAC.  June 25, 2020 Tr. 20:5–6.  In particular, the Court stated that Plaintiff needed to allege at least that "[o]n average, he worked X number of hours and his compensation for those weeks was Y." *Id.* at 16:4–5; *see also id.* at 16:21–23 (instructing Plaintiff to plead "how many hours did he work in that week and what was his compensation so one could get the full brunt, the mathematical brunt of that").  Finally, the Court warned Plaintiff that "no further curative amendments will be permitted." Dkt. 145 at 2.

On July 10, 2020, Plaintiff filed the SAC.  Dkt. 154.  Plaintiff alleges that DoorDash "hired" him and that he has "work[ed] as a Dasher from approximately October 10, 2018 to present."[1] *Id.* ¶¶ 4, 18.  He further alleges that DoorDash compensates him though a "'delivery fee' . . . as well as any gratuity that the customer pays." *Id.* ¶ 21.  Plaintiff alleges that he "worked for DoorDash approximately ten (10) to fifteen hours a week" and that "[t]his is generally Plaintiff's weekly work schedule." *Id.* ¶ 19.  Plaintiff alleges that in a "typical" workweek he "earns 'delivery fees' of approximately $60.00," which he alleges "demonstrates that he was paid, on average, $4.00 per hour." *Id.* ¶ 24.  But Plaintiff says nothing about the amount of "gratuit[ies]" he earned during the same "typical" week.  Plaintiff alleges that his "estimate of his weekly total hours does not include compensable time Plaintiff spends engaged to wait via DoorDash's app (i.e., time Plaintiff was not free to use for his own purposes)" which "can add an additional 5 hours per week." *Id.* ¶ 23.  But no further factual details are provided:  Plaintiff does not allege how long he worked for DoorDash, what time periods Plaintiff worked, or whether Plaintiff was reimbursed less than the applicable minimum wage during any specific workweek.

The SAC adds an overtime claim for the first time, but that claim similarly lacks factual support. Plaintiff alleges that he "worked in excess of forty (40) hours in a workweek . . . on occasion" and seeks damages for "overtime pursuant to the FLSA." *Id.* ¶ 41. But nowhere does Plaintiff allege that

---

[1] DoorDash disputes that Plaintiff is an employee and that the FLSA applies to him at all.

he worked over forty hours in the required "given workweek." In fact, the SAC alleges that "Plaintiff McGrath *typically* worked for DoorDash approximately ten (10) to fifteen (15) hours each week." *Id.* ¶ 21 (emphasis added). And the SAC does not allege how much Plaintiff earned during any of the "occasional" weeks he worked more than 40 hours.

The SAC also includes allegations of a purported "Opt-In Plaintiff Vickie Smiley," who is not a named plaintiff. *Id.* ¶ 22. The SAC alleges that Smiley "worked for DoorDash approximately twenty (20) hours each week" and that "[t]his is generally Smiley's weekly work schedule," for which Smiley allegedly earns "'delivery fees' of approximately $75.00." *Id.* ¶ 25. The SAC does not provide any other factual details about Smiley, or her supposed entitlement to overtime. Nor does it assert that Smiley will be added as a named plaintiff.[2]

### III.   STANDARD OF REVIEW

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* at 678; *see, e.g.*, *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (finding that plaintiffs' "general statement that [defendant employer] exercised control over their day-to-day employment [wa]s a conclusion, not a factual allegation stated with any specificity" under *Twombly* and *Iqbal*, in affirming a motion to dismiss a labor action).

Courts follow a two-step approach when applying the plausibility standard. First, all conclusory statements and allegations must be pared from the complaint. *Twombly*, 550 U.S. at 555; *Harding v. Time Warner, Inc.*, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009). "[T]he tenet that a court must

---

[2] DoorDash has moved to compel arbitration of Opt-In Plaintiffs, which includes Smiley. Dkt. 116. DoorDash reserves all rights to arbitration in regard to Smiley's claims.

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also id.* (Rule 8 requires more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]," or "naked assertions devoid of further factual enhancement" (citations omitted)). Courts "need not accept as true 'legal conclusions merely because they are cast in the form of factual allegations.'" *Jasper v. C.R. England, Inc.*, 2012 WL 7051321, at *3 (C.D. Cal. Aug. 30, 2012).

Second, after paring all conclusory allegations from the complaint, a court should review the complaint's remaining contents to determine whether they "plausibly" entitle the plaintiff to relief. For a claim to be "plausible," it is insufficient that the facts alleged are "'consistent with' a defendant's liability," or that a violation is "conceivable." *Iqbal*, 556 U.S. at 678–80 (citations omitted). Further, facts that raise a "mere possibility of misconduct" are insufficient—they must actually "*show*," in a plausible way, that the plaintiff is entitled to relief. *Id.* at 679 (emphasis added); *see, e.g.*, *Gutierrez v. Aaron's Inc.*, 2010 WL 4968142, at *3 (E.D. Cal. Dec. 1, 2010) (dismissing wage and hour claims where Plaintiff merely provided "a legal conclusion and limited factual allegations supporting the claim"). The mere "possibility" of a violation is not enough. *Iqbal*, 556 U.S. at 679.

### IV. ARGUMENT

This is the third time Plaintiff has asserted a minimum wage claim against DoorDash, and the first time he has asserted an overtime claim. They both fail for similar reasons.

### A. McGrath Fails To State A Claim Under The FLSA

This Court should dismiss this action because Plaintiff's minimum wage allegations are "naked assertion[s] devoid of further factual enhancement" and, therefore, are insufficient to state a claim. *Iqbal*, 556 U.S. at 678. Plaintiff's SAC offers a bare conclusion that he was not paid minimum wage, but he does not allege when (if at all) he completed deliveries using the DoorDash platform, how much he actually earned in any given workweek, how much he was compensated with tips or other forms of earnings, the amount of business expenses that DoorDash allegedly withheld, or any other facts that would allow the Court to infer the plausibility of a violation of minimum wage requirements. In fact, the "new" allegations that Plaintiff added to the SAC are nearly devoid of factual details. *E.g.*, Dkt. 154 ¶ 27; *see* Holecek Decl. Ex. A (redline of FAC to SAC).

The Ninth Circuit has explained the pleading standard for FLSA minimum wage claims under *Twombly/Iqbal*. In *Landers*, the Ninth Circuit affirmed the dismissal of claims for failure to pay minimum wage and overtime under the FLSA. 771 F.3d at 640. The Court explained that before *Twombly* and *Iqbal*, "a complaint under the FLSA for minimum wages . . . merely had to allege that the employer failed to pay the employee minimum wages." *Id.* at 641. Now, however, "conclusory allegations that merely recite the statutory language are [not] adequate." *Id.* at 644. The plaintiff in *Landers* failed to state a claim for minimum wage because "[t]he complaint did not allege facts showing that there was a given week in which [the plaintiff] was entitled to but denied minimum wages." *Id.* at 645. The Court reasoned that Landers's allegations "failed to provide sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference" that an FLSA violation had occurred. *Id.* at 646.

Thus, a complaint that does not plausibly allege "at least one workweek" during which the plaintiff "was not paid minimum wages" must be dismissed. *Id.* Applying *Landers*, this Court has held that allegations "fall short of the *Twombly/Iqbal* standard" when plaintiffs allege that they "'regularly' or 'regularly and consistently'" worked a number of hours per week. *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014). Instead, "plaintiffs must plead facts . . . showing a *specific week* . . . in which the wage paid divided by the number of hours worked resulted in payment at a rate falling below the minimum wage requirements of the FLSA." *Id.* at 1192–93. "If the total wage paid to an employee in any given workweek divided by the total hours worked that week equals or exceeds the applicable minimum wage, there is no FLSA violation." *Heck v. Heavenly Couture, Inc.*, 2017 WL 4476999, at *4 (S.D. Cal. Oct. 6, 2017).

This Court frequently dismisses minimum wage claims where (as here) the plaintiff fails to specify a workweek in which an FLSA violation occurred. In *Reilly v. Recreational Equipment, Inc.*, 2019 WL 1024960, at *4 (N.D. Cal. Mar. 4, 2019), for example, the plaintiff alleged "that she 'was required to undergo security inspections without payment of minimum wages'" but failed to provide "any detail about *any given workweek* when she had to undergo security checks or when she received less than minimum wage." *Id.* at *2 (emphasis added). Similarly, in *McMillian v. Overton Sec. Servs., Inc.*, 2017 WL 4150906 (N.D. Cal. Sept. 19, 2017), this Court dismissed a minimum wage claim where

the plaintiff failed to "allege[] *any pay period* where he was paid below the minimum wage." *Id.* at *3 (emphasis added).

Other examples abound. *See, e.g.*, *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (dismissing minimum wage claim where plaintiffs did not "describe an instance where their pay fell below the applicable standard"); *Byrd v. Masonite Corp.*, 2016 WL 756523, at *3 (C.D. Cal. Feb. 25, 2016) (dismissing minimum wage claim because "[n]owhere in the Complaint does Plaintiff identify a specific instance in which he was denied a minimum wage"); *see also Castillo v. United Rentals, Inc.*, 2018 WL 1382597, at *4 (W.D. Wash. Mar. 19, 2018) (dismissing minimum wage claim where the complaint did not "additionally allege that violations occurred for the specific week"); *Rittman v. Amazon.com, Inc.*, 2017 WL 881384, at *2 (W.D. Wash. Mar. 6, 2017) (dismissing minimum wage claim where the plaintiff's allegations "do not show there was a particular workweek in which any Plaintiff did not receive minimum wage . . . to which she was entitled") (quotation marks and citation omitted).

### 1. McGrath Fails To State A Minimum Wage Claim

The Court should dismiss Plaintiff's minimum wage claim because the SAC still fails to provide any factual allegations regarding "a *given week* in which [Plaintiff] was entitled to but denied minimum wages." *Landers*, 771 F.3d at 645 (emphasis added). The SAC alleges that Plaintiff "*typically* worked for DoorDash approximately ten (10) to fifteen (15) hours each week," and that "[i]n a *typical* fifteen (15) hour workweek, [Plaintiff] earns 'delivery fees' of *approximately* $60.00." Dkt. 154 ¶¶ 21, 24 (emphases added). These allegations are insufficient, particularly where Plaintiff concedes that his "work hours varied." *Id.* ¶ 24. As this Court has recognized, "*Landers* establishes that the invocation of a term such as 'regularly,' 'typically,' and 'frequently' is not enough by itself to establish the plausibility of a claim." *Bravo v. On Delivery Servs., LLC*, 2018 WL 2387835, at *2 (N.D. Cal. May 25, 2018). Even on his third try, Plaintiff still fails to plead facts showing "a specific week where [he] was not paid a minimum wage." Dkt. 145 at 1; *see also Perez,* 75 F. Supp. 3d at 1192–93 (plaintiff must "show[] a specific *week* . . . in which the wage paid divided by the number of hours worked resulted in payment at a rate falling below the minimum wage requirements of the FLSA"); *Byrd*, 2016 WL 756523, at *3 (*Landers* requires pleading "a specific instance" of a minimum wage violation).

Gibson, Dunn & Crutcher LLP

Nowhere does Plaintiff allege how many hours he actually worked or how much he earned in any "specific week." *Perez*, 75 F. Supp. 3d at 1192. Plaintiff has failed to allege factual details regarding "the total wage paid . . . in a[] *given workweek* divided by the total hours worked *that week*." *Heck*, 2017 WL 4476999, at *4 (emphases added).

In fact, Plaintiff's allegations are carefully crafted to *avoid* providing his total compensation for any given week—or even an "average" or "typical" week. Plaintiff alleges he earned a certain amount of "delivery fees" in a "typical" week (Dkt. 154 ¶ 24) but does not quantify the other payments he received as part of his compensation—despite acknowledging that he and other Dashers receive "gratuit[ies]" from consumers. Dkt. 152 ¶ 23. Under the FLSA, "the amount paid" to "a tipped employee" for minimum wage purposes equals the "cash wage" *plus* "an additional amount on account of the tips received by [the] employee." 29 U.S.C. § 203(m)(2)(A); *see also Marsh v. J. Alexanders LLC*, 905 F.3d 610, 618 (9th Cir. 2018) (en banc) (Section 203(m) permits companies to meet FLSA's minimum wage requirement if cash wages plus tips exceed minimum wage). Without allegations of how much Plaintiff received in tips, it is impossible to discern whether an FLSA violation has occurred. *See Bielma v. Bostic*, 2016 WL 29624, at *20 (S.D. Cal. Jan. 4, 2016) (plaintiffs did "not plausibly allege any violation of the FLSA" where they failed to allege the "hourly rate *actually* paid") (emphasis added). If anything, Plaintiff's allegations that DoorDash paid him $4 per hour in addition to gratuities (Dkt. 154 ¶¶ 21, 24) suggests that DoorDash *complied* with the FLSA. Under the FLSA, the federal minimum cash wage for tipped employees is **$2.13 per hour**. *See* U.S. Dep't of Labor, "Minimum Wages for Tipped Employees" (July 1, 2020), https://bit.ly/3jNrmHQ.

Alleging the total compensation and hours worked in a specific week is necessary to give notice to the defendant under the traditional principle of due process, which "requires that there be an opportunity to present every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972); *Perez*, 75 F. Supp. 3d at 1190 (rejecting plaintiff's argument that allegations were "sufficient to afford defendants fair notice of the claims being asserted against them" where plaintiff failed to specify a week when FLSA violations occurred). At the last hearing, this Court indicated that Plaintiff might be able to satisfy *Landers* by pleading sufficient allegations about an "average week." Dkt. 145 at 1. Even under that standard, however, Plaintiff still fails to state a claim. In dismissing the FAC, this Court made

clear that Plaintiff needed to include "additional details that would allow [DoorDash] and the Court to see the calculation used to determine that he was paid less than the minimum wage." *Id.* The Court also made clear that any discussion of "averages" would need to describe Plaintiff's "compensation" with "specificity." June 25, 2020 Tr. 16:5, 20:6. In fact, one problem the Court identified with the FAC was that it "doesn't say what [Plaintiff's] compensation is." *Id.* at 15:24. The Court instructed Plaintiff that he needed to allege that "[o]n average, he worked X number of hours and his compensation for those weeks was Y." *Id.* at 16:4–5. But Plaintiff has not provided the "Y" because he still fails to allege his total compensation, including gratuities. Without that information, neither DoorDash nor the Court can determine whether a minimum wage violation occurred under the FLSA. *See* 29 U.S.C. § 203(m)(2)(A); *Marsh*, 905 F.3d at 618. The most plausible inference to be drawn from such careful pleading (and, in fact, the truth) is that it did not.

### 2. McGrath Fails To State An Overtime Claim

Plaintiff's SAC asserts an overtime claim for the first time, but overtime claims are governed by the *Landers* standard just like minimum wage claims. Plaintiff's overtime wage claim therefore fails for similar reasons. *Landers* requires that "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." 771 F.3d at 644–45. The plaintiff in *Landers* failed to state an overtime claim by failing to "allege facts showing that there was a given week in which he was entitled to but denied . . . overtime wages." *Id.* at 645.

Courts regularly dismiss overtime claims where the plaintiff "fails to identify a single workweek in which he worked in excess of eight hours in a day or forty hours in a week such that he was entitled to overtime pay." *Byrd*, 2016 WL 756523, at *3; *see also Rio v. Uber Techs., Inc.,* 2016 WL 10837864, at *3 (N.D. Cal. Mar. 28, 2016) (dismissing overtime claim where "[p]laintiffs do not even allege that they were personally not paid overtime . . . let alone a week in which they were not paid overtime"); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016) (dismissing overtime claim where plaintiff "fail[ed] to provide any factual information regarding whether he worked more than forty hours in any given workweek"); *Johnson v. Winco Foods, LLC*, 2018 WL 6017012, at *12 (C.D. Cal. Apr. 2, 2018) ("Plaintiff should at least be able to allege facts

about his own experience where Defendants failed to pay him overtime on at least one occasion."); *Ratcliffe v. Apex Sys., LLC*, 2019 WL 5963759, at *3 (S.D. Cal. Nov. 13, 2019) ("The conclusory allegation that Plaintiff worked overtime is not sufficient to plausibly support a claim for unpaid overtime wages."); *Heck*, 2017 WL 4476999, at *4 (dismissing overtime claim where plaintiff merely alleged he worked "more than forty hours" and was not adequately compensated).

Just like each of these cases, Plaintiff fails to plead an overtime claim under *Landers*. In conclusory fashion, Plaintiff alleges that he "worked in excess of forty (40) hours . . . on occasion" and "at no time when Plaintiff . . . worked in excess of forty hours in a week did [he] receive additional compensation." Dkt. 152 ¶ 41.

Dismissal is warranted here because Plaintiff "fails to identify a single workweek in which he worked in excess of eight hours in a day or forty hours in a week such that he was entitled to overtime pay." *Byrd*, 2016 WL 756523, at *3. Plaintiff's "allegations fail to provide sufficient detail regarding the length and frequency of unpaid overtime work." *Heck*, 2017 WL 4476999, at *4. Indeed, Plaintiff alleges that he "*typically* worked for DoorDash approximately ten (10) to fifteen (15) hours each week." SAC ¶ 21 (emphasis added). And even if Plaintiff did work more than 40 hours in a week, he does not allege how much he was compensated during that week. He alleges he did not receive "additional compensation," but does not allege what compensation he *did* receive, such that "additional compensation" would be necessary. *Id.* ¶ 41. The SAC thus fails to allege that Plaintiff "worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644–45. Because Plaintiff has failed "to provide any factual information regarding whether he worked more than forty hours in any given workweek," *Haralson*, 224 F. Supp. 3d at 942, the overtime claim must be dismissed.

**B.    The Conclusory Allegations Of An Unnamed Plaintiff (Smiley) Cannot Save McGrath's Claims**

Opt-in Plaintiff Smiley's allegations are irrelevant because they cannot relieve *McGrath* of the requirement to allege sufficient details about *his own* work history. *See Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir. 1974) (dismissal "is the proper course to follow where the named plaintiffs have failed to state a claim in themselves for the relief they seek"); *Maple v. Costco Wholesale Corp.*, 649

Gibson, Dunn & Crutcher LLP

F. App'x 570, 572 (9th Cir. 2016) ("[B]ecause Plaintiff's own individual claim fails, dismissal without leave to amend was correct…."); *see also Ribot v. Farmers Ins. Grp.*, 2014 WL 2510883, at *11 (C.D. Cal. June 4, 2014) ("When a named plaintiff has no cognizable claim for relief, 'she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail.'").

This Court has already acknowledged the irrelevance of Smiley's allegations. *See* Dkt. 145 at 2 ("Although some of these details are pled with regard to Ms. Smiley, Mr. McGrath is the named plaintiff and his allegations are insufficient."). Even if Smiley's allegations were relevant (they are not), they remain conclusory and cannot save the SAC from dismissal. *Landers*, 771 F.3d at 645. Smiley's allegations include "approximate[]" figures from "a given workweek," Dkt. 154 ¶ 25, but it is unclear whether these approximations are reflective of hours *actually* worked and *actually* earned in the same given workweek. In short, Smiley has failed to "identify a *specific* instance in which [s]he was denied a minimum wage." *Byrd*, 2016 WL 756523, at *3 (emphasis added). Further, beyond the estimation of $75 in delivery fees earned, the SAC fails to allege how many hours Smiley has actually worked for DoorDash, what compensation (if any) beyond delivery fees she received, what time periods she worked, or whether she was reimbursed less than the applicable minimum wage during any *particular* workweek.

## C.  This Action Should Be Dismissed With Prejudice

This Court "warned" Plaintiff "that no further curative amendments will be permitted." Dkt. 145 at 2. Plaintiff has had three opportunities to comply with the pleading standard that the Ninth Circuit described in *Landers* and has failed to do so. The fact that Plaintiff added an overtime claim should not change the result—Plaintiff knew the standard and failed to meet it. Accordingly, this action should be dismissed with prejudice. *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1026 (9th Cir. 2000) ("discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

## V.  CONCLUSION

Because Plaintiff has again failed to state a claim upon which relief can be granted, the Court should dismiss this action with prejudice.

Dated: July 30, 2020                    GIBSON, DUNN & CRUTCHER LLP


                                        By:       */s/ Joshua Lipshutz*
                                                     Joshua Lipshutz

                                        Attorneys for Defendant DOORDASH, INC.

# PROOF OF SERVICE

I, Timothy Kolesk, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State. On July 30, 2020, I served the following document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS**

**DECLARATION OF MICHAEL HOLECEK**

**[PROPOSED] ORDER**

On the parties stated below, by the following means of service:

Robert R. Debes, Jr.
bdebes@eeoc.net
Ricardo J. Prieto
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Melinda Arbuckle, Cal. Bar No. 302723
marbuckl@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 30, 2020

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Timothy Kolesk*
　　　　　　　　　　　　　　　　　　　　　　　　 Timothy Kolesk