UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MCGRATH,<br><br>    Plaintiff,<br><br>    v.<br><br>DOORDASH, INC.,<br><br>    Defendant. | Case No. 19-cv-05279-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS, AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Docket Nos. 200, 206 |

    The above-referenced case is a FLSA collective action. More than 3,000 individuals have opted into the case (although no conditional certification has been issued as of yet which would result in formal notice to potential collective members). Previously, the Court granted DoorDash's motion to compel arbitration. Specifically, the Court ordered to arbitration all individuals who had opted into the lawsuit except for a handful of persons who had validly opted out of the arbitration agreement. *See* Docket No. 199 (order).

    Currently pending before the Court is Plaintiffs' motion for reconsideration of that order. The gist of Plaintiffs' motion to reconsider is that the Court should invalidate the arbitration agreement contained in the November 2019 Independent Contractor Agreement ("ICA") because DoorDash rolled out the arbitration agreement while this lawsuit was pending and without notifying Plaintiffs' counsel. Plaintiffs have also filed a motion for leave to file supplemental exhibits in support of the motion to reconsider. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Plaintiffs' motion for leave to file supplemental exhibits but **DENIES** the motion for reconsideration.

## I. DISCUSSION

### A. Plaintiffs' Motion for Leave to File Supplemental Exhibits

Plaintiffs seek leave to file two exhibits in support of their motion to reconsider. There are two exhibits at issue:

- Exhibit A "lists the individuals who were presented with the [November 2019 ICA] by Defendant, without notifying [Plaintiffs'] counsel, despite Defendant's knowledge of their legal representation";
- Exhibit B "lists the individuals who had yet to opt-into this case, but who were represented by the undersigned counsel, and were presented with [the November ICA] by Defendant." Supp. Ex. Mot. at 1-2.

Although Plaintiffs' motion to reconsider is more obviously directed to the individuals listed in Exhibit A (96 persons), Plaintiffs still argue that the November 2019 ICA should be invalidated with respect to the individuals in Exhibit B (45 persons). According to Plaintiffs, if "Defense counsel had timely conferred with [Plaintiffs' counsel] regarding [the] planned arbitration agreement roll-out [in November 2019], Plaintiff's counsel would have had an opportunity to notify Defense counsel of its representation of the individuals listed in Exhibit B." Supp. Ex. Mot. at 2.

The Court grants Plaintiffs leave to file the exhibits. The exhibits themselves do not present any new legal arguments and therefore allowing Plaintiffs to file the exhibits does not prejudice DoorDash.

### B. Plaintiffs' Motion for Reconsideration

Plaintiffs move the Court to reconsider its arbitration order on the basis that there was a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of its order. Plaintiffs assert two failures by the Court: (1) the Court did not consider Plaintiffs' objection that the arbitration agreement in the November 2019 ICA was rolled out during this litigation and without notifying Plaintiffs of such and (2) the Court compelled all Plaintiffs to arbitration (with the exception of a few who had validly opted out of arbitration) even though DoorDash had not requested that relief.

2

As to Plaintiffs' first argument, the Court finds that it has been waived. Plaintiffs knew about the November 2019 ICA, and the arbitration agreement contained therein, as early as May 22, 2020, when DoorDash filed its motion to compel arbitration.[1] When Plaintiffs filed their opposition to the arbitration motion, they could have argued, but did not, that the arbitration agreement in the November 2019 ICA should be invalidated because it was rolled out after this lawsuit was filed and without notifying Plaintiffs of such. The argument is therefore waived.

Plaintiffs suggest that they were entitled to make the argument after the briefing on the arbitration motion was completed because, on October 8, 2020, DoorDash filed a motion for leave to file a supplemental declaration in support of its arbitration motion. Plaintiffs' position lacks merit for several reasons. First, DoorDash's motion and supplemental declaration did not raise any new legal argument that would justify Plaintiffs' argument. The supplemental declaration simply indicated that the bulk of the opt-ins to the collective had accepted the most current version of the ICA (*i.e.*, the November 2019 ICA). Second, even if the motion and supplemental declaration had raised a new legal argument, Plaintiffs failed to timely oppose DoorDash's motion. DoorDash's motion was a motion for administrative relief, and therefore, Plaintiffs' opposition was due four days thereafter. See Civ. L.R. 7-11(b), (d) (providing that an opposition to a motion for administrative relief must be filed "no later than 4 days after the motion has been filed"; "[u]nless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due"). Because DoorDash filed its motion on October 8, 2020, Plaintiffs' opposition was due on October 14, 2020. Plaintiffs' opposition (styled as "objections") was not filed until October 23, 2020.[2]

---

[1] The Court notes that Plaintiffs may have known about the November 2019 ICA even before May 22, 2020. The November 2019 ICA was discussed in Judge Alsup's *Abernathy* case (No. C-19-7545) as early as November 25, 2019. See Docket No. 144-2 (transcript for hearing in *Abernathy*). Plaintiffs may have been monitoring the *Abernathy* proceedings. Also, three of the individuals in this case who opted out of arbitration (Mr. Salmons, Ms. Benningfield, and Mr. Davis) did so on January 10, February 5, and April 2, 2020, respectively. See Docket No. 144-1 (letters). The DoorDash address to which the individuals sent their opt-outs was 303 2d Street – not 901 Market Street. The 901 Market Street address was the address listed for opt-outs in the November 2019 ICA. The 303 2d Street address was the address listed in the ICA available on DoorDash's website – a more updated version of the November 2019 ICA.

[2] Even if DoorDash's motion was a motion subject to the regular briefing schedule, Plaintiffs'

Because the Court finds that Plaintiffs waived their argument, it does not address the merits of their argument. It does note, however, that it is not obvious that DoorDash interfered with the administration of justice in this case by rolling out the November 2019 ICA without notifying Plaintiffs. *See Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 171 (1989) (indicating that, in a collective action, just as in a class action, a court has the duty and authority to enter appropriate orders governing the conduct of counsel and the parties); *cf. In re Apple Inc. Device Performance Litig.*, No. 18-md-02827-EJD, 2018 U.S. Dist. LEXIS 177085, at *44 (N.D. Cal. Oct. 15, 2018) (in a class action, stating that "[c]ommunications that are misleading pose a threat to the fairness of the litigation process, the adequacy of representation and the administration of justice," and so "a court may take action to cure inaccurate, confusing or misleading communications"). There was nothing obviously misleading about the November 2019 ICA. Furthermore, even if the November 2019 ICA were to be invalidated, that would not invalidate prior ICAs that also contained arbitration agreements (albeit under the auspices of AAA instead of CPR). Arbitration would still be compelled although under a different procedure. There is no assertion that there are any class members who opted out of an earlier arbitration agreement but were ensnarled into the November 2019 ICA.

As to Plaintiffs' second argument, the Court rejects it on the merits. According to Plaintiffs, the Court's order compelling all opt-ins to arbitration except for those who validly opted out was in error because DoorDash asked the Court to compel to arbitration only

> 2,662 individuals out of the current total of approximately 3,256 Opt-In Plaintiffs. Furthermore, Defendant's Motion to Compel Arbitration was filed before hundreds of individuals (if not thousands) had opted into this case. Defendant cannot simply rope-in later-filed Opt-In Plaintiffs after the fact, depriving them of the opportunity to respond to DoorDash's motion. . . . [These individuals] are entitled to due process and the right to respond to a motion to compel them to arbitration.

Mot. at 10-11. Plaintiffs' position lacks merit because, as DoorDash points out, it never limited its

---

opposition would have been late (by one day).

4

arbitration motion to some subset of the opt-ins. Rather, DoorDash sought an order "compelling arbitration on an individual basis of the claims of each Opt-In Plaintiff." Docket No. 116 (Mot. at 2). Furthermore, there would not appear to be a due process concern unless Plaintiffs can articulate a reason why individuals who opted in after DoorDash filed its motion to compel should be treated differently. Plaintiffs have not articulated a reason.

## II. CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion for reconsideration. This order disposes of Docket No. 200.

**IT IS SO ORDERED**.

Dated: December 8, 2020

_____
EDWARD M. CHEN
United States District Judge

5