UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MCGRATH,<br><br>    Plaintiff,<br><br>    v.<br><br>DOORDASH, INC.,<br><br>    Defendant. | Case No. 19-cv-05279-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING**<br><br>Docket No. 257 |

The Court has reviewed Plaintiff's motion for approval of an FLSA settlement and for attorney's fees. Having reviewed the papers, the Court hereby orders that the parties provide supplemental briefing on the issues discussed below. A joint supplemental brief is strongly preferred. The brief shall be filed by noon, January 5, 2024. The Court also orders the *Brown* objectors to file a supplemental brief – within the same timeframe – on one specific issue identified below.

A.    <u>Arbitration</u>

How many Dashers who opted into this case were sent to arbitration? What is the status of the arbitration?

B.    <u>Eligible Claimants</u>

How many Eligible Claimants are there?

C.    <u>Unreleased Miles</u>

How many Unreleased Miles do each of the following have: Plaintiff, Opt-In Plaintiffs, and Eligible Claimants?

D.  **Maximum Value of the Case**

What is the maximum value of this case if Mr. Salmons were to prevail, assuming all Eligible Claimants opted in (as well as Opt-In Plaintiffs)? What would the average payout be?

E.  **Reverter**

Are there authorities that discuss (whether approvingly or disapprovingly) a reverter in the context of an FLSA settlement? What are they and what do they say?

F.  **Claims Rate**

Provide some concrete calculations regarding the Section 216(b) Settlement Amount if the claims rate were only 30% and 65% – *i.e.*, how much goes to attorneys' fees and how much goes to the collective members (including average payout)?

G.  **Attorneys' Fees**

   1.  **Lodestar**

Plaintiff has provided limited information regarding the asserted lodestar. Provide more specifics about the asserted lodestar, both the number of hours and the hourly rates. It would be helpful for Plaintiff to estimate the number of hours spent on each major litigation task.

   2.  **Comparison Between Fee Award and Net Settlement Amount Available for Distribution to the Collective**

Given the anticipated claims rate, what will the likely fee award be and how will it compare to the likely net settlement amount available for distribution to the collective?

H.  ***Brown* Objectors**

What response do the *Brown* objectors have to parties' brief at Docket No. 261?

Have the *Brown* objectors and the parties discussed modifying the release (and any notice to the collective) to make clear that PAGA claims are not within the scope of the release?

I.  **Notice to the Collective (Exhibit C to the Settlement Agreement)**

   1.  **Content of the Notice**

In Question 6, should actual dollar amounts be included in the discussion of the attorneys' fees?

Also in Question 6, should the discussion of the Settlement Amount include an example of

what the settlement amount would be and how that amount would be distributed if, *e.g.*, only 30% or 65% of the Eligible Claimants opt in?

    2.    <u>Means of Notice</u>

Given that email notice will be the main means of notice (in the first instance), is there a means by which the settlement administrator can confirm that notices that are emailed are (1) received and (2) opened?

How expensive would it be to issue mail notice to all Eligible Claimants?

Have the parties discussed giving notice through the DoorDash app that is used by Dashers?

    3.    <u>Reminder Notice</u>

Will a reminder be notice be given and, if so, how, when, and what will its contents be?

J.    <u>Communications Regarding Settlement</u>

Will § VII.2 of the Settlement Agreement prevent Plaintiff from informing Eligible Claimants about the settlement through, *e.g.*, social media or otherwise promoting the settlement to Eligible Claimants?

**IT IS SO ORDERED**.

Dated: December 26, 2023

                            EDWARD M. CHEN
                            United States District Judge