# EXHIBIT A

1

GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

THEANE EVANGELIS, SBN 243570
tevangelis@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Attorneys for Defendant DOORDASH, INC.

WAGE AND HOUR FIRM
RICARDO J. PRIETO (*Admitted Pro Hac Vice*)
rprieto@wageandhourfirm.com
MELINDA ARBUCKLE, Cal. Bar No. 302723
marbuckle@wageandhourfirm.com
3600 Lime Street, Suite 111
Riverside, California 92501
Telephone: (214) 210-2100
Facsimile: (469) 399-1070

SHELLIST | LAZARZ | SLOBIN LLP
ROBERT R. DEBES, JR.
(*Admitted Pro Hac Vice*)
bdebes@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Attorneys for Plaintiff DERRICK SALMONS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

DERRICK SALMONS, on behalf of himself
and all others similarly situated,

                    Plaintiff,

        v.

DOORDASH, INC.,

                    Defendant.

CASE NO. 3:19-cv-05279-EMC

**SETTLEMENT AGREEMENT**

Action Filed:  August 23, 2019

Honorable Edward M. Chen

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SETTLEMENT AGREEMENT

Plaintiff Derrick Salmons, individually as well as in his capacity as a FLSA Putative Class Representative (as defined below), and Defendant DoorDash, Inc. (collectively, the "Parties"), acting through their representatives and attorneys, enter into this Settlement Agreement concerning the resolution of this Action, subject to approval by the Court.

## I.      DEFINITIONS AND SETTLEMENT DETAILS

The terms set forth below shall have the meanings defined herein wherever used in this Agreement (including its exhibits).

1.     "Action" means the above-captioned action, inclusive of the claims asserted therein pursuant to the federal Fair Labor Standards Act ("FLSA").

2.     "Agreement" means this written settlement agreement, which sets forth the terms of the settlement and final amicable resolution of this Action.

3.     "Approval Order" means the order to be entered by the Court approving the terms of this Agreement, including the settlement and release of claims by Named Plaintiff, Opt In Plaintiffs, and Eligible Claimants as set forth herein. The proposed Approval Order that will be submitted to the Court is attached as **Exhibit A**.

4.     "Bar Date" means the date that is sixty (60) days after the date on which the Settlement Administrator first transmits the FLSA Notice Packet to Eligible Claimants via email or U.S. Mail. The Bar Date is the deadline by which the Settlement Administrator must receive a valid and signed Claim Form.

5.     "Claim Form" means the form identified at **Exhibit B** to be returned by Eligible Claimants who wish to become members of the Final Settlement Class and participate in this Agreement.

6.     "Class Counsel" means Ricardo J. Prieto and Melinda Arbuckle of the law firm Wage and Hour Firm (3600 Lime Street, Suite 111; Riverside, California 92501), and Robert R. Debes

of the law firm Shellist Lazarz Slobin LLP (11 Greenway Plaza, Suite 1515, Houston, Texas 77046).

7.  "Class Notice" means the notice in the form of **Exhibit C** to be directed to Eligible Claimants. The purpose of the Class Notice is to inform Eligible Claimants about the Action and this Agreement.

8.  "Court" means the United States District Court for the Northern District of California (Hon. Edward M. Chen, presiding).

9.  "Dasher" means an individual who created an account to perform delivery services for consumers on the DoorDash platform, including agreeing to DoorDash's Independent Contractor Agreement.

10. "Defendant" means DoorDash, Inc.

11. "Defense Counsel" means Gibson, Dunn & Crutcher LLP.

12. "Effective Date" means the date upon which all of the following have occurred in the Action: (a) entry of the Approval Order and the Order granting the Stipulation of Dismissal in the Action with prejudice, in accordance with the terms of this Agreement; and (b) one of the following: (i) five (5) days after the expiration of the deadline to file any appeal in this Action and none is filed, (ii) if an appeal is filed, and the appeal is finally disposed of by ruling, dismissal, denial, or in any other manner that confirms the validity of the Approval Order and the Order granting the Stipulation of Dismissal without any material alteration to the terms of the Approval Order and the Order granting the Stipulation of Dismissal, five (5) days after the last date for filing a request for further review of the Approval Order and/or the Order granting the Stipulation of Dismissal passes, and no further review is requested; (iii) if an appeal is filed and the Approval Order and the Order granting the Stipulation of Dismissal are affirmed and further review of the order(s) is requested, the day after the review is finally

resolved and the validity of the Approval Order and the Order granting the Stipulation of Dismissal is affirmed without any material alteration to the terms of the Approval Order and the Order granting the Stipulation of Dismissal.

13. "Eligible Claimants" means individuals who (i) have a Dasher account confirmed by Defendant; (ii) have completed at least one delivery on the DoorDash platform in the United States at any time between August 23, 2016 and August 31, 2023; (iii) are not bound by an arbitration agreement that covers any claims concerning their Dasher activities or otherwise required to arbitrate their claims concerning their Dasher activities; and (iv) have not already released all FLSA claims or are not otherwise barred by the statute of limitations from pursuing the claims asserted in this Action. Eligible Claimants do not include Named Plaintiff and/or Opt In Plaintiffs.

14. "Final Gross Settlement Amount" means the total amount that Defendant is required to fund under the settlement of this Action. This amount shall be the total of: (1) the Court-approved Administrative Costs; (2) the Court-approved Attorney's Fees and Expenses Payment; and (3) the Section 216(b) Settlement Amount Payments allocated to Final Settlement Class members. Defendant is not obligated to fund any portion of the Section 216(b) Settlement Amount allocated to individuals who do not become Final Settlement Class members except as provided in Section I(18)(b).

15. "FLSA Notice Packet" means the Class Notice and the Claim Form.

16. "Final Settlement Class" means Named Plaintiff, Opt In Plaintiffs, and any Eligible Claimants who timely submit a properly completed Claim Form within the specified period and in accordance with the requirements of this Agreement.

17. "FLSA Putative Class Representative" means Named Plaintiff.

18.     "Maximum Gross Settlement Amount" means the maximum amount of money to be paid by Defendant in connection with this Agreement if all Eligible Claimants become Final Settlement Class members. The Maximum Gross Settlement Amount is $663,520.00. Under no circumstances shall Defendant be required to pay more than the Maximum Gross Settlement Amount in connection with the settlement of the Action. The Maximum Gross Settlement Amount shall be allocated to the Administrative Costs, the Service Payment Allocation, the Attorney's Fees Payment, the Attorney's Expenses Payment, and the Section 216(b) Settlement Amount Payments, as follows:

a)      The "Administrative Costs" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $28,107.75, unless the Parties agree otherwise) to be paid to the Settlement Administrator for the administrative services it will provide under this Agreement, including any associated costs and expenses. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the settlement.

b)      The "Attorney's Expenses Payment" means that portion of the Maximum Gross Settlement Amount to be paid to Class Counsel for expenses actually incurred by Class Counsel in connection with the Action in accordance with the Approval Order. Class Counsel may request Attorney's Expenses Payment up to $41,785.06 in expenses actually incurred by Class Counsel in connection with the Action. Expenses include costs and expenses associated with mediation, travel and lodging, filing fees and postage. In connection with the submission of the motion seeking entry of the Approval Order, Class Counsel will seek an award of the Attorney's Expenses

Payment for Class Counsel; Defendant will not oppose this request provided that the requested amount is no greater than the amount set forth in this Section I(18)(b).

c)     The "Attorney's Fees Payment" means that portion of the Maximum Gross Settlement Amount to be paid to Class Counsel to compensate them for their legal work in connection with the Action in accordance with the Approval Order. Class Counsel may request Attorney's Fees Payment equal to twenty-five percent (25%) of the Maximum Gross Settlement Amount (*i.e.*, $165,880). The Attorney's Fees Payment is subject to the Court's approval. The Attorney's Expenses Payment and Attorney's Fees Payment collectively shall be referred to as "Attorney's Fees and Expenses Payment."

d)     The "Section 216(b) Settlement Amount" means that portion of the Maximum Gross Settlement Amount, less the Attorney's Expenses Payment, the Attorney's Fees Payment, the Administrative Costs, and the Service Payment Allocation (up to a cumulative total of no more than $425,247.19, assuming the Court approves the requested amounts for Attorney's Expenses Payment, the Attorney's Fees Payment, Administrative Costs, and Service Payment Allocation) in full to be paid to Named Plaintiff, Opt In Plaintiffs, and Eligible Claimants (if they all become Final Settlement Class members) in exchange for their release of claims against the Released Parties and for their other agreements as set forth in this Agreement. The portions of the Section 216(b) Settlement Amount to be allocated to Named Plaintiff, each Opt In Plaintiff, and each Eligible Claimant shall be calculated based on each individual's Unreleased Miles as determined from the information provided to the Settlement Administrator by Defendant pursuant to Section III(2), as follows: (1) each individual's Unreleased Miles shall be divided by the total sum of the Unreleased

Miles of Named Plaintiff, Opt In Plaintiffs and Eligible Claimants; and (2) the resulting fraction from (1) shall be multiplied by the Section 216(b) Settlement Amount. Named Plaintiff, as the FLSA Putative Class Representative, and Class Counsel represent that the settlement allocation reflects a fair and reasonable allocation based on the alleged hours worked and expenses incurred by Named Plaintiff, Opt In Plaintiffs and Eligible Claimants, as determined based upon their review and assessment of the evidence obtained in the course of this Action.

e)  The "Service Payment Allocation" means that portion of the Maximum Gross Settlement Amount ($2,500) to be paid to the Named Plaintiff in accordance with the Approval Order, in exchange for his services on behalf of the Final Settlement Class members in this Action.

f)  The total sum of the Section 216(b) Settlement Amount, the Service Payment Allocation, the Attorney's Expenses Payment, and the Administrative Costs shall not exceed the Maximum Gross Settlement Amount.  In no event shall Defendant be required to pay more than the Maximum Gross Settlement Amount to satisfy its obligations under this Agreement; if the total of Defendant's obligations are determined to exceed the Maximum Gross Settlement Amount, then all payment obligations under this Agreement shall be reduced on a pro rata basis until the total obligation is no more than the Maximum Gross Settlement Amount.

g)  If the Court awards less than the amounts set forth above as the Attorney's Fees Payment and Attorney's Expenses Payment, the Administrative Costs, and/or the Service Payment Allocation, that shall not provide a basis for voiding this Agreement or objecting to or appealing from the Approval Order or the Order granting the Stipulation of Dismissal.  Rather, any such difference shall be re-allocated to the

Section 216(b) Settlement Amount (for the benefit of the Final Settlement Class members) on a pro-rata basis. Named Plaintiff and Class Counsel expressly waive any rights that they may have to recover any other service payments, attorney's fees, costs and/or expenses relating to the Action, other than what the Court awards in connection with its Approval Order.

19. "Named Plaintiff" means Plaintiff Derrick Salmons.

20. "Section 216(b) Settlement Amount Payment" means the portion of the Section 216(b) Settlement Amount to be paid to each Final Settlement Class members less the amount allocated for Attorney's Fees Payment. If 100% of Eligible Claimants become Final Settlement Class members and the Court approves the requested amounts for Attorney's Expenses Payment, Attorney's Fees Payment, Administrative Costs, and Service Payment Allocation in full, the sum of all Section 216(b) Settlement Amount Payments is $425,247.19.

21. "Opt In Plaintiffs" means Jacob McGrath, Adrian Davis, and Lisa Benningfield, who each submitted written consents to join this Action as party plaintiffs.

22. "Parties" means Named Plaintiff, in his own capacity as well as in his capacity as FLSA Putative Class Representative (on behalf of himself, all Opt In Plaintiffs, and all Eligible Claimants), and Defendant DoorDash, Inc.

23. "Released Parties" means: (a) Defendant DoorDash, Inc.; and (b) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, unitholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of Defendant DoorDash, Inc., and (c) all persons acting by, through, under or in concert with, any of the entities identified in subsections (a) and (b) of this Section, including any person or entity that was or could have

been named as a defendant in the Action based on the facts alleged in the operative Second Amended Complaint.

24. "Settlement Administrator" means Simpluris, Inc.

25. "Stipulation of Dismissal" means the Stipulation of Dismissal with prejudice identified as **Exhibit D**. Exhibit D shall be filed within five (5) days of Class Counsel's filing of the list of Final Settlement Class members with the Court, as provided in Section III(7).

26. "Unreleased Miles" are Defendant's best estimate of the on-delivery miles associated with each Named Plaintiff, Opt In Plaintiff and Eligible Claimant, between the location where orders are received and accepted by the individual and the location where orders are delivered (which includes distance spent driving to the merchant and distance spent driving from the merchant to consumer), at any time between August 23, 2016 and August 31, 2023, less any mileage accrued on or before the release end date of any prior individual or class-action settlement(s) that affect Named Plaintiff, Opt In Plaintiffs, or Eligible Claimants' FLSA claims, as determined by Defendant's records.

## II.    <u>RECITALS</u>

1. Named Plaintiff brought this Action under the FLSA, on behalf of himself and other individuals who have provided delivery services arranged through the DoorDash platform and who opted out of arbitration, alleging that they were "employees" of Defendant under the FLSA and entitled to be paid minimum wage for all hours worked and overtime compensation at a rate of one and one-half times their regular rate for all hours worked in excess of 40 per week. The Court has not granted former Plaintiff Jacob McGrath's motion for conditional certification, but has previously noted "that does not bar individuals from opting into this lawsuit." Dkt. 199 at 1 n.1. The Opt In Plaintiffs filed (and did not withdraw) written consents to join this Action as party plaintiffs pursuant to 29 U.S.C. § 216(b). In this Action,

Named Plaintiff seeks on behalf of himself, Opt In Plaintiffs and Eligible Claimants, *inter alia*, unpaid wages (including minimum wage and overtime compensation, and "free and clear" payment of minimum wage and overtime compensation when taking into account unreimbursed expenses), liquidated damages, restitution, interest, attorney's fees, expenses and costs.  By filing their written consents to join this Action as party plaintiffs, Opt In Plaintiffs agreed to be bound by any settlement or judgment entered in the Action.

2.    Defendant denies the allegations in the Action.  Defendant states that Named Plaintiff, Opt In Plaintiffs and Eligible Claimants were (and continue to be) appropriately classified as independent contractors and not employees under the FLSA.  Defendant further contends that Named Plaintiff, Opt In Plaintiffs and Eligible Claimants are not "similarly situated" to one another and are not entitled to pursue their claims in a collective action pursuant to 29 U.S.C. § 216(b).  Nonetheless, Defendant agreed to the terms of this Agreement because it will: (a) avoid the further expense and disruption of business due to the pendency and expense of this litigation; and (b) put the claims asserted in the Action to rest.

3.    This Agreement reflects a compromise of disputed claims. Nothing in this Agreement shall be deemed or used as evidence of, or as an admission of, liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that, or as an admission that, this Action should have been conditionally certified or otherwise may proceed as a collective action under the FLSA for any purpose other than settlement.

4.    It is the desire of Named Plaintiff and the Final Settlement Class to fully, finally, and forever settle, compromise, and discharge all disputes for any cause of action, claims, debts, contracts, agreements, obligations, liabilities, suits, losses, or demands whatsoever for unpaid wages (including but not limited to minimum wage and overtime compensation, and "free and clear" payment of minimum wage and overtime compensation when taking into account

unreimbursed expenses), restitution, liquidated damages, interest, attorney's fees, expenses and costs, and any other relief under the FLSA, as well as any similar state or local law, regulation, statute or ordinance governing the payment of wages.

5.    It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all Released Claims as defined in Section IV herein against all Released Parties.

6.    In exchange for (a) the dismissal of the Action with prejudice; (b) the settlement and release of all Released Claims as defined in Section IV herein against all Released Parties; and (c) otherwise subject and pursuant to the terms and conditions of this Agreement, Defendant agrees to pay the Final Gross Settlement Amount, which shall be an amount not to exceed the Maximum Gross Settlement Amount.

7.    The Parties shall cooperate in the steps necessary to carry out the terms set forth in this Agreement, which is subject to approval by the Court.

### III.    APPROVAL, NOTICE AND PAYMENT PROCEDURES

1.    The Parties shall seek the Court's approval of this Agreement.  The Parties agree that Named Plaintiff will file with the Court, if possible no later than fourteen (14) days following the date on which this Agreement is executed by all Parties, a motion for entry of the Approval Order. The motion shall be prepared by Class Counsel and subject to the prior review and approval of Defense Counsel.

2.    Not later than thirty (30) days after the Court's entry of the Approval Order: (a) Class Counsel shall provide the Settlement Administrator with an Excel chart listing the name, last known mailing address, and last known email address of Named Plaintiff and Opt In Plaintiffs; and (b) Defendant shall provide the Settlement Administrator with an Excel chart listing the name, last known mailing address, last known email address, and Unreleased Miles of Named

Plaintiff, each Opt In Plaintiff, and each Eligible Claimant.  The information transmitted by Class Counsel and Defendant to the Settlement Administrator will be treated as confidential and may not be used for any purposes other than the settlement administration of the Action. Within fourteen (14) days after receipt of the information pertaining to Named Plaintiff, Opt In Plaintiffs, and Eligible Claimants as provided in subsections (a) and (b) of this Section, the Settlement Administrator shall calculate the estimated portions of the Section 216(b) Settlement Amount to be allocated to Named Plaintiff, each Opt In Plaintiff, and each Eligible Claimant.  The Settlement Administrator will then send via electronic mail the FLSA Notice Packet to each Eligible Claimant.  If the Settlement Administrator receives notice that any FLSA Notice Packet was undeliverable, the Settlement Administrator shall promptly advise Class Counsel and Defendant and endeavor to deliver the FLSA Notice Packet to the intended recipient via U.S. Mail and/or to another email address based on information provided by Class Counsel and/or Defendant.

3.    The Settlement Administrator shall mail or electronically transmit, once only, a FLSA Notice Packet to any Eligible Claimants who contact the Settlement Administrator during the time period between the initial distribution of the FLSA Notice Packet and the Bar Date, requesting that a FLSA Notice Packet be re-sent.

4.    If any Eligible Claimant desires to become a member of the Final Settlement Class, that individual must properly complete and submit the applicable Claim Form for receipt by the Settlement Administrator on or before the Bar Date, as directed in the Class Notice.  Named Plaintiff and all Opt In Plaintiffs shall be deemed Final Settlement Class members, and no further action on their part is needed to claim their share of the settlement under this Agreement.

5.      In the event an Eligible Claimant submits a Claim Form in a timely manner (*i.e.*, received by the Settlement Administrator on or before the Bar Date), but the document is incomplete or otherwise deficient in one or more aspects, the Settlement Administrator will (no later than fourteen (14) days after receipt) return the deficient Claim Form to the Eligible Claimant with a letter explaining the deficiencies and stating that the Eligible Claimant will have fourteen (14) days from the date the deficiency notice is transmitted to the Eligible Claimant to correct the deficiencies and resubmit the Claim Form.  The corrected and resubmitted Claim Form must be transmitted to the Settlement Administrator within fourteen (14) days of the date the deficiency notice is mailed or emailed to the Eligible Claimant to be considered timely.  If it is transmitted via U.S. Mail, the envelope containing the corrected Claim Form must be postmarked within fourteen (14) days of the date the deficiency notice is mailed or emailed to the individual to be considered timely.  The Settlement Administrator's decision on whether the deficiency has been remedied shall be binding on the Parties and the individual Eligible Claimant.

6.      As soon as practicable following the Bar Date and the resolution of any deficient submissions, the Settlement Administrator shall certify jointly to Class Counsel and Defense Counsel a list of all Final Settlement Class members indicating, for each member of the Final Settlement Class, the total payment due on account of that individual's membership in the Final Settlement Class.  The Settlement Administrator's report shall also state the Final Gross Settlement Amount that Defendant needs to fund to meet its funding obligations under this Agreement.  The Settlement Administrator shall also provide Defense Counsel with wire instructions and any other information needed by Defendant to facilitate the transfer of fund payment to the Settlement Administrator pursuant to this Agreement.  The Settlement

Administrator shall also provide copies of all timely executed Claim Forms to Class Counsel and Defense Counsel.

7.  After the Settlement Administrator provides all of the information required by Section III(6), Class Counsel will file with the Court a list of the names of all Final Settlement Class members. Class Counsel will file the Stipulation of Dismissal with the Court within five (5) days of Class Counsel's filing of the list of Final Settlement Class members with the Court.

8.  Within thirty (30) days after either the Effective Date or the Bar Date—whichever is later (and provided the Settlement Administrator has provided Defense Counsel with wire instructions, the information described in Section III(6), and any other information required to facilitate the transfer), Defendant shall remit to the Settlement Administrator the Final Gross Settlement Amount to satisfy its funding obligations under this Agreement, to be held in escrow for the purpose of making payments to the Final Settlement Class members, Class Counsel, and the Settlement Administrator.

9.  Within fourteen (14) days of receipt of the Final Gross Settlement Amount, the Settlement Administrator will calculate the individual Section 216(b) Settlement Amount Payments to be made to the Final Class Settlement members from the Section 216(b) Settlement Amount. The Settlement Administrator will provide these calculations to the Parties for their approval. Within fourteen (14) days of the Parties' approval of the calculations, the Settlement Administrator will disburse the individual Section 216(b) Settlement Amount Payments from the Section 216(b) Settlement Amount, by check delivered to the Final Settlement Class members, and the Service Payment Allocation to Named Plaintiff, via U.S. Mail. The front of each check shall include the following statement: "SIGNED ENDORSEMENT BY NAMED PAYEE IS REQUIRED." The back of each check shall include the following statement above the endorsement: "By endorsing or cashing this check, I understand and acknowledge

that I am subject to the settlement agreement and release approved by the Court in *Salmons v. DoorDash, Inc.*, Case No. 3:19-CV-05279-EMC (N.D. Cal.)." The Service Payment Allocation and the Section 216(b) Settlement Amount Payments shall not be subject to withholdings or deductions and shall be reported as non-wage other income in Box 3 of a Form 1099-NEC, if required.

10.    The Settlement Administrator will make the Attorney's Fees and Expenses Payment by wire transfer or by check delivered to Class Counsel and will make the Administrative Cost payment to the Settlement Agreement on the same date that the Settlement Administrator mails to the Final Class Settlement members their checks for their individual Section 216(b) Settlement Amount Payments. In advance of the Effective Date, Class Counsel will provide Defense Counsel and the Settlement Administrator with the tax-payer identification numbers for Class Counsel, executed W-9 forms, and wire instructions.

11.    The Final Settlement Class members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local taxes on payments received pursuant to this Agreement. The Final Settlement Class members shall indemnify the Released Parties, Class Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to any failure by them to pay taxes on any amounts paid pursuant to this Agreement.

12.    Except as otherwise provided herein, the Final Settlement Class members (including Named Plaintiff) shall bear responsibility for their own attorney's fees, costs, and expenses incurred by them or arising out of this Action and will not seek reimbursement thereof from any party to this Agreement or the Released Parties. The Final Settlement Class members (including Named Plaintiff) and Class Counsel expressly waive any rights that they may have to recover

any other attorney's fees, costs and expenses relating to the Action except as awarded by the Court in accordance with this Agreement.

13. Each member of the Final Settlement Class will have ninety (90) days from the date on which the checks for their individual Section 216(b) Settlement Amount Payments are mailed to negotiate his or her settlement check(s). The Settlement Administrator shall reissue any checks to Final Settlement Class members that are lost or misplaced during the 90-day period. If any settlement check is not negotiated in that period of time, that settlement check will be voided, and a stop-payment will be placed on the check. In such event, the funds representing the unnegotiated checks shall be returned to Defendant. All Final Settlement Class members shall be bound by the terms of this Agreement even if they fail to timely negotiate their settlement checks.

14. The Released Parties, Defense Counsel, Named Plaintiff, Class Counsel, and the Settlement Administrator shall not have any liability for lost or stolen settlement checks, for forged signatures on settlement checks, or for unauthorized negotiation of settlement checks issued pursuant to the settlement of the Action. The Released Parties, Class Counsel, and Defense Counsel will not be liable for checks cashed by persons other than the Final Settlement Class members. Each Final Settlement Class member will be deemed to have released the Released Parties from all liability as set forth in this Agreement even if the address provided to the Settlement Administrator is incorrect and even if his or her check is cashed by a person other than to whom the check is written.

15. Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be

applied for purposes of, any bonus, pension, any 401(k) and/or other retirement plans or similar programs of any of the Released Parties.

16.    The Settlement Administrator will administer the Settlement consistent with this Agreement and the Approval Order.  The Settlement Administrator will be responsible for: calculating the Section 216(b) Settlement Amount and the portions thereof to be allocated to Named Plaintiff, Opt In Plaintiffs, and Eligible Claimants; preparing, printing, and transmitting the FLSA Notice Packet or other such notice as ordered by the Court; receiving and reviewing for validity completed Claim Forms; providing the Parties with weekly status reports about the delivery of FLSA Notice Packet and receipt of valid and complete Claim Forms; preparing the list of Final Settlement Class members, calculating the Final Gross Settlement Amount, disbursing payment of Attorney's Fees and Expenses Payment to Class Counsel; disbursing to the Final Settlement Class members their individual Section 216(b) Settlement Amount Payments from the Section 216(b) Settlement Amount; disbursing to the Named Plaintiff his Service Payment Allocation; printing and providing Final Settlement Class members and Class Counsel with IRS Form 1099s as required under this Agreement and applicable law; issuing the tax reports and payments required under this Agreement and applicable law; providing a due diligence declaration upon completion of the terms of the Agreement and the Approval Order, if required by the Court; and for such other tasks as the Parties mutually agree or the Court orders.  The Settlement Administrator shall keep the Parties timely apprised of the performance of all Settlement Administrator responsibilities, and shall not mail any payments to Named Plaintiff, Opt In Plaintiffs, Class Counsel, or any Final Settlement Class members until after the amounts are approved by the Parties and the Court. Any legally mandated tax reports, tax filings, or other tax documents required by the administration of this settlement shall be prepared by the Settlement Administrator.  Any

expenses incurred in connection with such preparation and administration shall be part of the Administrative Costs. The Settlement Administrator (along with any of its agents) shall represent and warrant that it will: (a) provide reasonable and appropriate administrative, physical and technical safeguards for any personally identifiable information ("PII") that it receives from Defendant; (b) not disclose the PII to Class Counsel, Named Plaintiff, any party or third parties, including agents or subcontractors, without Defendant's consent; (c) not disclose or otherwise use the PII other than to carry out its duties as set forth herein; (d) promptly provide Defendant with notice if PII is subject to unauthorized access, use, disclosure, modification, or destruction; (e) indemnify Defendant in the event Defendant incurs any costs associated with any disclosure or breach of PII by the Settlement Administrator; and (f) continue to protect the PII upon termination of its services.

IV. **RELEASES**

1. **Release of Claims by all Members of the Final Settlement Class.**

   a) By operation of this Agreement and the Approval Order, and except as provided in Section IV(1)(b) of this Agreement, all members of the Final Settlement Class (including Named Plaintiff), individually and on behalf of their successors, assigns, heirs, executors, administrators, agents, representatives, businesses, insurers, subrogees, attorneys, and anyone claiming through them or purporting to act on their behalf, shall hereby irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue against Released Parties any and all claims, demands, and causes of action that were asserted or that could have been asserted in the Action based on the facts alleged in Plaintiff's Third Amended Complaint for violations of the Fair Labor Standards Act or prior iterations of the complaint filed in this action, including any and all claims, demands, and causes of action for unpaid

wages (including but not limited to claims for minimum wage, overtime compensation, or "free and clear" payment of minimum wage and overtime compensation when taking into account unreimbursed expenses), liquidated damages, interest, penalties, attorney's fees, expenses, costs, and any other relief otherwise available based on the identical factual predicate of this FLSA action (including the identical factual predicates of any prior iterations of the complaint) against the Released Parties, up through the date the Court grants approval of the settlement (collectively, the "Released Claims").  For sake of clarity, the Released Claims include state-law minimum wage and overtime claims, but do not include state-law claims for expense reimbursements.  This settlement does not release any claims Final Settlement Class members may have under California's Private Attorneys General Act (Cal. Lab. Code § 2698 et seq.).

b)      The Released Claims do not include: (1) claims to enforce rights that are created by virtue of this Agreement; and (2) claims that are non-waivable by law.

c)      Named Plaintiff, as the FLSA Putative Class Representative, on behalf of himself and all Final Class Settlement members, represents and warrants that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the Released Claims or any portion thereof or interest therein, including but not limited to, any interest in the Action, or any related action.

2.      **Release of Claims by Named Plaintiff.**

a)      By operation of this Agreement and the Approval Order, and except as provided in Section IV(2)(b) of this Agreement, Named Plaintiff (individually and for himself and his successors, assigns, heirs, executors, administrators, agents, representatives, businesses, insurers, subrogees, attorneys, any other person or entities acting by,

through, under or in concert with any of them, and anyone claiming through them or purporting to act on their behalf) does hereby irrevocably and unconditionally release, acquit, and forever discharge all Released Parties of and from any and all charges, complaints, claims, liabilities, causes of action, damages and expenses (including attorney's fees, expenses, costs actually incurred, liquidated damages and interest), of any kind, whether known or unknown, which they now have, may have or claim to have, or which they at any prior time had or claimed to have against the Released Parties, arising out of any matter occurring or accruing on or at any time before the date he signs this Agreement.  This release and waiver includes, but is not limited to, any claims arising from his alleged employment and/or contractual relationship, or the termination of his alleged employment and/or contractual relationship, with any of the Released Parties.  This release and waiver includes, but is not limited to: claims arising under federal law, including claims under the Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act; claims arising under the laws of any state, including any local law, regulation, statute and/or ordinance operational in any state; claims arising under common law, tort, policy or contract; claims for retaliation, defamation, libel, slander, invasion of privacy, or negligence; claims based on theories of strict liability or respondeat superior; claims for costs, fees, interest, expenses, or attorney's fees; claims that were asserted or that could have been asserted in this Action; and any other claims of any kind, except as expressly excluded elsewhere in this Agreement.

Named Plaintiff shall be deemed to have, and by operation of this Agreement and the Approval Order shall have, expressly waived and relinquished to the fullest extent

permitted by law the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.  Named Plaintiff, for himself, has read Section 1542 of the Civil Code of the State of California, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Named Plaintiff understands that Section 1542 gives the right not to release existing claims of which he is not now aware, unless Named Plaintiff voluntarily chooses to waive this right.  Having been so apprised, Named Plaintiff voluntarily waives the rights described in Section 1542 of the California Civil Code, and elects to assume all risks for claims that now exist in their favor, known or unknown.

b)      Notwithstanding the foregoing provisions of Section IV(2)(a), by virtue of Section IV(2)(a), Named Plaintiff does not release or waive: (i) any claim under the Age Discrimination in Employment Act; (ii) any claim that he could make for unemployment compensation or workers' compensation benefits; (iii) any rights or claims that cannot be released as a matter of law pursuant to this Agreement and/or the Approval Order; (iv) his right to file an administrative charge with the National Labor Relations Board, Equal Employment Opportunity Commission or similar state agency (although he does waive his right to receive any monetary damages or other relief not explicitly provided for herein as a result of any such charge, to the extent the charge

pertains to a claim that was released); and/or (v) any rights or claims that may arise after the date Named Plaintiff signs this Agreement.

c)     Named Plaintiff affirms that he has not filed any other charges, complaints, lawsuits, claims or actions against any of the Released Parties, based on any event that took place prior to the date he signs this Agreement, except as expressly disclosed in this Agreement.  In the event there is outstanding any such charge, complaint, claim or action, Named Plaintiff agrees to execute such papers or documents as Defendant determines may be necessary to have such charge, complaint, claim or action withdrawn and dismissed with prejudice.

# V.    **ADDITIONAL PROVISIONS APPLICABLE TO NAMED PLAINTIFF AND OPT IN PLAINTIFFS**

1.    Except to the limited extent necessary to secure entry of the Approval Order as an Order of Court, Named Plaintiff and Opt In Plaintiffs agree not to disclose the terms of this Agreement or anything about the negotiations leading up to this Agreement to anyone except their immediate family members, their attorneys or tax advisors, or anyone to whom they are required by court order to disclose such information.  If Named Plaintiff or any Opt In Plaintiffs are asked about the Action or this Agreement by any person not meeting these exceptions, they may state only that the dispute has been resolved and that they are not allowed to comment further on the matter.

2.    Named Plaintiff and Opt In Plaintiffs promise and agree that they will not, directly or indirectly, publicly or privately, make, publish or solicit, or encourage others to make, publish or solicit any disparaging, negative, denigrating or derogatory statements, comments, announcements or remarks concerning any of the Released Parties, or to pursue claims against any of them.

3.    Named Plaintiff and Opt In Plaintiffs agree that in the event of a breach of any of the provisions of Section V(1) and/or Section V(2) of this Agreement: (a) the individual in breach shall not be entitled to any payment of any amount otherwise owed under this Agreement, which amount shall remain the property of Defendant if not yet paid and which amount shall be repaid to Defendant by the individual in breach if already paid; and (b) Defendant or any of the intended beneficiaries of Section V impacted by the breach shall have the right to obtain specific performance of Section V from any court of competent jurisdiction.

## VI.    **PARTIES' AUTHORITY**

1.    All Parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel. Class Counsel represent that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of Named Plaintiff, Opt In Plaintiffs, and Eligible Claimants.  Named Plaintiff, as FLSA Putative Class Representative, and Class Counsel represent that he is fully authorized to enter into this Agreement and to bind the members of the Final Settlement Class to the terms and conditions thereof.

2.    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

3.    Each member of the Final Settlement Class shall be bound by this Agreement executed by Named Plaintiff.

4.    It is agreed that because the Final Settlement Class members are so numerous, it is impossible or impractical to have each member execute this Agreement.  This Agreement will have the

same force and effect as if this Agreement were executed by each member of the Final

Settlement Class.

5.      The Agreement will be binding upon and inure to the benefit of the Parties and their

respective heirs, trustees, executors, administrators, successors, and assigns.

**VII.    <u>ADDITIONAL PROVISIONS</u>**

1.      The Parties agree to use their best efforts and to fully cooperate with each other to accomplish

the terms of this Agreement in a reasonable, practicable, and expeditious manner, including

but not limited to, execution of such documents and to take such other action as may

reasonably be necessary to implement and effectuate the terms of this Agreement.

2.      Named Plaintiff and Class Counsel shall all refrain from issuing any press release, website

posting, social media or press outreach communicating any information about the Action or

this Agreement.  By executing this Agreement, Class Counsel certifies that they have caused

to be removed the website https://www.eeoc.net/blog/2018/september/should-doordash-

drivers-be-classified-as-indepen/, and Class Counsel further agrees not to cause the contents

from that website to be posted in the future.  If contacted by media representatives with

respect to the Action or this Agreement, Named Plaintiff and Class Counsel will say only that

the Parties amicably resolved the dispute, without providing additional information or

commentary.

3.      Unless otherwise specifically provided herein, all notice, demands or other communications

given hereunder shall be in writing and shall be deemed to have been duly given as of the

third business day after mailing by United States registered or certified mail, return receipt

requested, addressed to counsel of record in the Action as of the date this Agreement is

executed by the Parties.

4.    To be effective, any amendment to the Agreement must be made in writing, and signed by counsel for the Parties.

5.    This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement.  In the event of any conflict between the Agreement and any other document, the Parties intend that this Agreement shall be controlling.

6.    This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of California, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the Court. This continuing exclusive jurisdiction of the Court will be explicitly stated in any Approval Order submitted to the Court.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

7.    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

8.    Named Plaintiff and Class Counsel agree not to encourage or solicit persons to not submit a Claim Form, not be a Final Settlement Class member, or object to the settlement.

9.    Named Plaintiff and Opt In Plaintiffs may not withdraw their written consents to join this Action between the date on which this Agreement is fully executed and the date on which the Court enters an order adjudicating Named Plaintiff's motion for entry of the Approval Order.

10. This Agreement and the resolution of the Action is contingent upon approval by the Court. If the Court declines to enter the Approval Order or Order granting the Stipulation of Dismissal in a form substantially similar to the proposed Orders submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), or if the settlement as agreed does not become final as defined in this Agreement for any other reason, the Parties agree to meet and confer in an attempt to address the Court's concerns that precluded approval and/or dismissal of the Action, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Parties are unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendant retains the right to contest whether this case should be maintained as a collective action, to compel arbitration of Named Plaintiff, any Opt In Plaintiffs, and/or any Eligible Claimants, and to contest the merits of any claims being asserted in the Action.

_____
Ricardo J. Prieto, Counsel for Plaintiff,
for purposes of Settlement Amendment

_____
*Michael Holecek*
Michael Holecek (Feb 23, 2024 15:36 PST)
Michael Holecek, Counsel for Defendant,
for purposes of Settlement Amendment

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DERRICK SALMONS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DOORDASH, INC.,<br><br>    Defendant. | CASE NO. 3:19-cv-05279-EMC<br><br>**[PROPOSED] ORDER GRANTING APPROVAL OF PLAINTIFF'S UNOPPOSED AND AMENDED MOTION FOR APPROVAL OF SETTLEMENT**<br><br>Action Filed:  August 23, 2019<br><br>Honorable Edward M. Chen |

Before the Court is Plaintiff Derrick Salmons's Unopposed and Amended Motion for Approval of Settlement, seeking the Court's entry of an Order approving the amended Settlement Agreement attached hereto as Exhibit A ("Settlement Agreement"). Having considered the Settlement Agreement, all papers and proceedings held herein, and all other records in this action, and good cause appearing, the Court hereby GRANTS Plaintiff's Unopposed and Amended Motion for Approval of Settlement.

**IT IS HEREBY ORDERED**:

1) This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2) The Court has jurisdiction over the subject matter of the above-captioned action and the Parties in this Action.

3) The Court approves the terms and conditions contained in the Settlement Agreement, attached hereto as Exhibit A and incorporated herein by reference. The Court finds that the terms of the Settlement Agreement are within the range of approval under the Fair Labor Standards Act ("FLSA") and applicable law. The Court further finds that the Settlement Agreement is adequate, fair, and reasonable, that it is in the best interests of the Parties, the Opt In Plaintiffs and the Eligible Claimants, and that it should be and hereby is approved. Likewise, the determination of the Section 216(b) Settlement Amount Payments to the members of the Final Settlement Class as set forth in the Settlement Agreement is approved as a fair, equitable, and reasonable allocation of the Maximum Gross Settlement Amount. Accordingly, the Settlement Agreement is hereby approved in accordance with the FLSA, and it shall be administrated in accordance with its terms.

4) Plaintiff seeks an award of Attorney's Fees and Expenses Payment equal to twenty-five (25%) of the Maximum Gross Settlement Amount, plus $41,785.06 in expenses actually incurred by

Class Counsel in connection with this action. The Court finds that the Attorney's Fees and Expenses Payment based on the formula above is fair and reasonable and is approved.

5)    Plaintiff seeks an award of Administrative Costs to the Settlement Administrator in the amount of $28,107.75. The Court finds that the Administrative Costs in the amount of $28,107.75 are fair and reasonable and are approved.

6)    Plaintiff seeks an award of Service Award in the amount of $2,500.00 to Derrick Salmons. The Court finds that the Service Award in the amount of $2,500.00 is fair and reasonable and is approved.

7)    The Court finds the releases identified in the Settlement Agreement to be fair and reasonable and are approved.

8)    The Court hereby authorizes the retention of Simpluris, Inc. as Settlement Administrator for the purpose of administering specific provisions of the Settlement Agreement. No later than thirty (30) days after the date of this Approval Order, Class Counsel and Defendant will provide the Settlement Administrator the information outlined in Section III.2 of the Settlement Agreement, including the name, last known mailing address, last known email address, and Unreleased Miles for Named Plaintiff, each Opt In Plaintiff, and each Eligible Claimant. Within fourteen (14) days of receiving this information, the Settlement Administrator shall calculate the estimated portions of the Section 216(b) Settlement Amount to be allocated to Named Plaintiff, each Opt In Plaintiff, and each Eligible Claimant.

9)    The Court approves the distribution formula and claim procedure set forth in the Settlement Agreement.

10)    The Court hereby finds the Class Notice and Claim Form, attached to the Settlement Agreement as Exhibits B–C, to be fair and reasonable, and they are approved. The Court finds that the Class Notice and Claim Form, along with the related notification procedure contemplated by the

Settlement Agreement, constitutes the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process.  The Court further finds that the Class Notice and Claim Form appear to fully and accurately inform the Eligible Claimants of all material elements of the Settlement Agreement, including Eligible Claimants' right to join the Final Settlement Class.  The Class Notice and Claim Form shall be transmitted to the Eligible Claimants in accordance with the terms of the Settlement Agreement.

11)    Any Eligible Claimant may become a member of the Final Settlement Class as provided in the Class Notice and Claim Form by following the instructions for timely submitting a properly completed Claim Form.  The deadline for the receipt of completed Claim Forms by the Settlement Administrator is sixty (60) days after the date on which the Settlement Administrator first transmits the FLSA Notice Packet to Eligible Claimants via email or U.S. Mail as set forth in the Settlement Agreement.

12)    Class Counsel shall file with the Court a list of the names of all Final Settlement Class members within thirty (30) days after the deadline for receipt of completed Claim Forms by the Settlement Administrator and shall file the Stipulation of Dismissal with the Court within five (5) days of Class Counsel's filing of the list of Final Settlement Class members with the Court.

13)    Therefore, the Settlement Agreement is APPROVED and this Approval Order and the Settlement Agreement are binding on the Named Plaintiff, Opt In Plaintiffs, all members of the Final Settlement Class, and Defendant.

14)    This Order, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim, or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Lawsuit or in any other proceeding.

15) The Court further orders that, pending further order of this Court, all proceedings in this above-captioned action, except those contemplated herein and in the Settlement Agreement, are stayed.

**IT IS SO ORDERED.**

Dated: _____, 2024                    _____

                                            Hon. Edward M. Chen
                                            United States District Judge

# EXHIBIT B

*Salmons v. DoorDash, Inc.*
United States District Court for the Northern District of California
Case No. 3:19-cv-05279-EMC

## CLAIM FORM INSTRUCTIONS

This Claim Form is for Eligible Claimants who wish to join the Final Settlement Class of the above-captioned action (the "Lawsuit"). Eligible Claimants are individuals who (i) have completed at least one delivery on the DoorDash platform in the United States at any time between August 23, 2016 and August 31, 2023; (ii) are not bound by an arbitration agreement that covers any claims concerning their work as a Dasher or otherwise required to arbitrate their claims concerning their work as a Dasher; and (iii) have not already released all Fair Labor Standards Act ("FLSA") claims or are not otherwise barred by the statute of limitations from pursuing the claims asserted in this Lawsuit. To receive a payment from the Settlement, you must complete and submit this form.

### How To Complete This Claim Form

1.      There are three ways to submit this Claim Form to the Settlement Administrator, Simpluris, Inc.: (a) online at DoorDashFLSASettlement.com; (b) by fax to (888) 428-6696; or (c) by U.S. Mail to the following address:

Simpluris, Inc.
*Salmons v. DoorDash, Inc.* Settlement Administrator
PO Box 26170
Santa Ana, CA 92799

Your properly completed Claim Form must be submitted by [BAR DATE]. If you submit your Claim Form by U.S. mail, make sure the completed and signed Claim Form will be received by [BAR DATE].

2.      You must complete the entire Claim Form. Please type or write your responses legibly.

3.      If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information. If you do not respond by the deadline provided by the Settlement Administrator for you to supply any such additional information, your Claim Form will not be processed, and you will waive your right to receive money under the Settlement.

4.      You may only submit one Claim Form.

5.      Submission of the Claim Form does not guarantee payment. Your Claim Form must be approved by the Settlement Administrator.

6.      If you have any questions, please contact the Settlement Administrator by email at Info@DoorDashFLSASettlement.com, by telephone at (833) 373-1549, or by U.S. mail at the address listed above.

7.    **You must notify the Settlement Administrator if your contact or payment information changes after you submit your Claim Form. If you do not, even if you submit a valid Claim Form under the Settlement, you may not receive your Settlement payment.**

8.    **DEADLINE** – If you submit a Claim Form by U.S. mail, the completed and signed Claim Form must be received by [BAR DATE]. If submitting a Claim Form online, you must do so by [BAR DATE].

*Salmons v. DoorDash, Inc.*
United States District Court for the Northern District of California
Case No. 3:19-cv-05279-EMC

[IMbFullBarcodeEncoded]

[First Name] [LastName]
[Address 1] [Address 2]
[City], [State] [Zip]-[ZipDPC3]

## CLAIM FORM

**TO RECEIVE YOUR SETTLEMENT PAYMENT FOR RELEASING YOUR CLAIMS, YOU MUST FILL OUT, SIGN AND DATE BELOW, AND RETURN THE COMPLETED CLAIM FORM TO THE SETTLEMENT ADMINISTRATOR RECEIPT BY [BAR DATE].**

*Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form to ensure receipt of the Settlement payment.*

Name: _____

Address: _____

Home Phone: _____Cell Phone: _____

Email address: _____

BY CHECKING THE BOX AND SIGNING BELOW, I verify and affirm the following:

1. I understand that a lawsuit, entitled *Salmons v. DoorDash, Inc.*, Case No. 3:19-cv-05279-EMC (the "Lawsuit"), was brought in the United States District Court for the Northern District of California alleging that DoorDash, Inc. ("DoorDash") misclassified Dashers as independent contractors and violated the Fair Labor Standards Act ("FLSA") by failing to pay minimum wage for all hours worked and overtime compensation at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per week.

2. I (i) have completed at least one delivery on the DoorDash platform in the United States at any time between August 23, 2016 and August 31, 2023; (ii) am not bound by an arbitration agreement that covers any claims concerning my Dasher activities or otherwise required to arbitrate my claims concerning my Dasher activities; and (iii) have not already released all FLSA claims or am not otherwise barred by the statute of limitations from pursuing the claims asserted in the Lawsuit.

3. I understand that DoorDash denies all liability in the Lawsuit and that it contends that it appropriately classifies Dashers as independent contractors and not employees under the FLSA. Specifically, DoorDash contends that because it appropriately classifies Dashers as independent contractors, it is not required to pay minimum wage or overtime pay under

the FLSA.

4.  I hereby consent to join the Lawsuit as a party plaintiff and agree to participate in the Settlement Agreement entered in the Lawsuit and approved by the Court on [DATE OF APPROVAL ORDER].

5.  I hereby designate the Class Representative Derrick Salmons and Class Counsel (Ricardo J. Prieto and Melinda Arbuckle of the law firm Wage and Hour Firm and Robert R. Debes of the law firm Shellist Lazarz Slobin LLP) to represent me in the Lawsuit and make decisions on my behalf with respect to the settlement.

6.  I, individually and on behalf of my successors, assigns, heirs, executors, administrators, agents, representatives, businesses, insurers, subrogees, attorneys, and anyone claiming through me or purporting to act on my behalf, hereby irrevocably and unconditionally forever and fully release, discharge, and covenant not to sue or otherwise pursue against (a) DoorDash, Inc.; (b) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, unitholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of DoorDash, Inc.; and (c) all persons acting by, through, under or in concert with, any of the entities identified in subsections (a) and (b) of this Section, including any person or entity that was or could have been named as a defendant in the Action based on the facts alleged in the operative Third Amended Complaint (collectively, the "Released Parties") from any and all claims, demands, and causes of action that were asserted or that could have been asserted in the Lawsuit based on the facts alleged in Plaintiff's Third Amended Complaint for violations of the Fair Labor Standards Act or prior iterations of the complaint filed in this action, including any and all claims, demands, and causes of action for unpaid wages (including but not limited to claims for minimum wage, overtime compensation, or "free and clear" payment of minimum wage and overtime compensation when taking into account unreimbursed expenses), liquidated damages, interest, penalties, attorney's fees, expenses, costs, and any other relief otherwise available based on the identical factual predicate of this action (including the identical factual predicates of any prior iterations of the complaint) against the Released Parties, up through the date the Court grants approval of the settlement (collectively, the "Released Claims").  For sake of clarity, the Released Claims include state-law minimum wage and overtime claims, but do not include state-law claims for expense reimbursements.  This settlement does not release any claims Final Settlement Class members may have under California's Private Attorneys General Act (Cal. Lab. Code § 2698 et seq.).

⬜    **By checking this box, I consent to join the Lawsuit as a party plaintiff and verify and affirm each of the above statements in this Claim Form.**

**I declare under penalty of perjury under the laws of the United States that the foregoing information supplied by the undersigned is true and correct.**

_____                    _____

Claimant Signature                                                        Date

# EXHIBIT C

*Salmons v. DoorDash, Inc.*, Case No. 3:19-cv-05279-EMC
**United States District Court for the Northern District of California**

Dear [First Name] [Last Name]:

You are entitled to receive approximately $[_____] from a settlement agreement in a lawsuit involving DoorDash, Inc ("DoorDash").

In order to participate in the Final Settlement Class and receive a payment in this Settlement, you must complete and submit a Claim Form by [BAR DATE].

### Click Here to File your Claim Form

The Notice below summarizes the Settlement and your legal rights. Please read the Notice carefully. For more information, visit DoorDashFLSASettlement.com.

**FLSA Collective Action Settlement Notice**

**PLEASE READ THIS NOTICE CAREFULLY.**
**This is not a solicitation from a lawyer.**

***Why am I receiving this?***  You are entitled to receive money from a settlement agreement in a lawsuit involving DoorDash, Inc ("DoorDash"). On [DATE OF APPROVAL ORDER], the Court in this action approved the Settlement as set forth in the Settlement Agreement available at DoorDashFLSASettlement.com concerning the lawsuit noted above (the "Lawsuit") as fair and reasonable. You are receiving this Notice because DoorDash's records show that you are one of the people eligible to participate in the Settlement.

***What is the Lawsuit about?***  The person who brought the Lawsuit against DoorDash is known as the "Plaintiff."  Plaintiff alleges that certain current and former Dashers (as defined below) who completed deliveries on the DoorDash platform in the United States should be classified as employees, and that DoorDash has violated the Fair Labor Standards Act ("FLSA") by classifying Dashers as independent contractors and thereby failing to pay them for all hours worked, including minimum and overtime wages. DoorDash denies these allegations.

***What is the Settlement?***  Approximately $663,520.00 will be available to be distributed to Plaintiff, Opt In Plaintiffs, and Eligible Claimants if they become Final Settlement Class Members.  To participate as a Final Settlement Class member in the Settlement, you must complete and submit the attached Claim Form for receipt by the Settlement Administrator, Simpluris, Inc., by [BAR DATE].

***What is this notice?***  This Notice only summarizes the Settlement.  For more information, visit DoorDashFLSASettlement.com.

**YOUR LEGAL RIGHTS MAY BE AFFECTED.  PLEASE READ THIS NOTICE CAREFULLY.**
**YOU ARE NOT BEING SUED.  THIS IS NOT A SOLICITATION FROM A LAWYER.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **OPTION 1: PARTICIPATE IN THE SETTLEMENT** | |
| **Submit a Claim Form and Receive a Payment** | If you are an Eligible Claimant (as defined in Section I below), you must **submit a properly completed Claim Form for receipt by the Settlement Administrator by [BAR DATE]** in order to join the Final Settlement Class and receive a payment from the Settlement. Instructions on submitting a Claim Form are set forth in Section IV below [**LINK TO SECTION IV**].<br><br>The payment will be mailed to you at the address you include in your Claim Form.  If your address changes, please notify the Settlement Administrator as explained below.<br><br>By timely submitting a properly completed claim, **you will join the Final Settlement Class and will release all Released Claims described in Section V [LINK TO SECTION V]**.  It means that you will release specified claims or causes of action that you may have against DoorDash or any of the other Released Parties described in Section II [**LINK TO SECTION II**].  This means that you will give up your right to be part of another lawsuit or other legal proceeding, including individual arbitration, against DoorDash relating to the claims being resolved in this settlement.  **See the explanation below in Section V.**<br><br>If you do not timely submit a properly completed Claim Form, you will receive no money from the Settlement and will retain your right to sue DoorDash for the claims asserted in this Lawsuit. |
| **OPTION 2: EXCLUDE YOURSELF FROM THE SETTLEMENT** | |
| **Do Nothing** | If you do nothing, you will receive no money from the Settlement, but you will retain your right to sue DoorDash for the claims asserted in this Lawsuit. **See Section VII below for more information.** |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

2

## What This Notice Contains

I. Basic Information 3

1. Why did I get this notice package? 3

2. What is this lawsuit about? 4

3. What is a FLSA collective action? 4

4. Why is there a settlement? 5

II. Who Is In The Settlement 5

5. Who is included in the Settlement? 5

III. The Settlement Benefits—What You Get 6

6. What does the Settlement provide? 6

IV. How You Get a Payment 7

7. How do I recveive a payment in this Settlement? 7

V. Release Agreement 8

8. What am I giving up to get a payment? 8

VI. The Lawyers Representing You 8

9. Do I have a lawyer in this case? 8

VII. If You Do Nothing 9

10. What happens if I do nothing at all? 9

VIII. Getting More Information 9

11. Are there more details about the Settlement? 9

# I. Basic Information

## 1. Why did I get this notice package?

The purpose of this Notice is to let you know that the Parties in the case have reached a Settlement, which the Court has approved, in the FLSA action known as *Derrick Salmons v. DoorDash, Inc.*, No. 3:19-cv-05279-EMC, pending in the United States District Court for the Northern District of California (the "Lawsuit").

**You received this Notice because you have been identified as an Eligible Claimant who may participate in the Settlement.**

**Eligible Claimants are defined as follows**:

All individuals who (i) have a Dasher account as confirmed by DoorDash; (ii) have completed at least one delivery on the DoorDash platform in the United States at any time

3

between August 23, 2016 and August 31, 2023; (iii) are not bound by an arbitration agreement that covers any claim concerning their Dasher activities or otherwise required to arbitrate their claims concerning their Dasher activities; and (iv) have not already released all FLSA claims or are otherwise barred by the statute of limitations from pursuing the claims asserted in the above-captioned action.

| 2. | **What is this lawsuit about?** |
|---|---|

On August 23, 2019, plaintiff Jacob McGrath filed a complaint in the Northern District of California, bringing claims on behalf of current and former Dashers who completed a delivery any time within the three years prior to the filing of the complaint through the date of the final disposition of the Lawsuit. Thereafter, on August 16, 2023, Plaintiff Derrick Salmons ("Plaintiff") replaced Mr. McGrath as the named plaintiff in this action.

This Lawsuit claims that DoorDash violated the Fair Labor Standards Act, including by misclassifying Dashers as independent contractors and thereby failing to pay minimum wages.

DoorDash denies that it violated the law in any way, denies Dashers were, or are, employees, and further denies that the Lawsuit is appropriate for any collective or class treatment for any purpose other than this settlement. Nothing in this Notice, the Settlement, or any actions to carry out the terms of the Settlement means that DoorDash admits any fault, guilt, negligence, wrongdoing, or liability whatsoever.

The Honorable Edward M. Chen, United States District Judge, is presiding over this Lawsuit.

The Court did not decide in favor of the Plaintiff or DoorDash in the Lawsuit. Instead, the parties in the Lawsuit agreed to a settlement that the Court determined is a fair, reasonable, and adequate compromise. The parties reached this agreement after lengthy negotiations and independent consideration of the risks of litigation and benefits of settlement through a formal conference with an experienced mediator. Plaintiff and his lawyers have considered the substantial benefits from the Settlement that will be given to the Final Settlement Class Members and balanced those benefits with the risk that a trial could end in a verdict in DoorDash's favor. They also considered the value of the immediate benefit to Final Settlement Class Members versus the cost and delay of litigation through trial and appeals. Counsel for Plaintiff believe that the amount DoorDash has agreed to pay is fair, adequate, and reasonable in light of the risks and time required to continue litigating this case.

The Court overseeing the case has reviewed and approved the Settlement. The Court approved the Plaintiff to serve as a representative for the Final Settlement Class. The Court also approved the law firms Shellist Lazarz Slobin LLP and Wage and Hour Law Firm to serve as Class Counsel.

| 3. | **What is a FLSA collective action?** |
|---|---|

In a FLSA collective action, one or more people, called "Class Representatives" (in this case, Derrick Salmons) sue on behalf of people who have similar claims. Eligible Claimants may participate as Final Settlement Class Members by timely submitting a properly completed Claim Form as described in Section IV below. In a FLSA collective action, the court resolves the issues

for all Final Settlement Class Members together in one legal proceeding. Final Settlement Class Members for purposes of this Settlement is defined below in Section II.

| **4.** | **Why is there a settlement?** |

The Court did not decide in favor of either party. Instead, both sides agreed to a settlement to resolve this Lawsuit. Plaintiff, on one hand, and DoorDash, on the other hand, disagree as to whether there is any liability. This Settlement allows the Final Settlement Class Members and DoorDash to avoid the cost, delay, and uncertainty of moving forward in litigation to trial and possible appeals.  The Settlement provides the Final Settlement Class Members the certainty of getting compensation in this Lawsuit. The Plaintiff and his attorneys ("Class Counsel") believe that the Settlement is fair, reasonable, adequate and in the best interests of the Final Settlement Class Members. The Court has approved this Settlement as fair and reasonable.

# II.  Who Is In The Settlement

| **5.** | **Who is included in the Settlement?** |

The Settlement provides benefits to the Final Settlement Class Members.

Eligible Claimants are Dashers who (i) have a Dasher account as confirmed by DoorDash; (ii) have completed at least one delivery on the DoorDash platform in the United States at any time between August 23, 2016 and August 31, 2023; (iii) are not bound by an arbitration agreement that covers any claim concerning their Dasher activities or otherwise required to arbitrate their claims concerning their Dasher activities; and (iv) have not already released all FLSA claims or are otherwise barred by the statute of limitations from pursuing the claims asserted in the Lawsuit.

The Final Settlement Class will consist of Eligible Claimants who timely submit a properly completed Claim Form, as described in Section IV below, as well as Plaintiff Derrick Salmons and three Opt In Plaintiffs (Adrian Davis, Jacob McGrath, and Lisa Benningfield) who each submitted written consents to join the Lawsuit as party plaintiffs.

Under the Settlement, the Final Settlement Class Members will release claims, in accordance with the Settlement Agreement, against the Released Parties.  Released Parties includes: (a) Defendant DoorDash, Inc.; (b) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, Members, shareholders, unitholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of Defendant DoorDash, Inc.; and (c) all persons acting by, through, under or in concert with, any of the entities identified in subsections (a) and (b) of this paragraph, including any person or entity that was or could have been named as a defendant in the Lawsuit based on the facts alleged in Plaintiff's Third Amended Complaint for violations of  the Fair Labor Standards Act or prior iterations of the complaint filed in this action.  All Final Settlement Class Members shall be bound by the release and the other terms of the Settlement Agreement even if they fail to timely redeem their settlement checks.  For more information regarding the release, see Section V.

# III. The Settlement Benefits—What You Get

## 6. What does the Settlement provide?

The full settlement agreement is available at DoorDashFLSASettlement.com. A summary of the terms of the settlement include:

**Settlement Amount.** In the Settlement approved by the Court, DoorDash will pay up to a Maximum Gross Settlement Amount of $663,520.00 to settle the Lawsuit and obtain a release of the claims, as discussed below in Section V.

The settlement amount includes:

- Section 216(b) Settlement Amount not to exceed a total of $425,247.19, available to be allocated to Plaintiff, Opt In Plaintiffs and Eligible Claimants if they become Final Settlement Class Members.
- Service Payment Allocation to Plaintiff in the amount of $2,500.00 in exchange for his services on behalf of the Final Settlement Class Members in this Lawsuit and his general release of claims against the Released Parties.
- Attorneys' Fees Payment to Class Counsel, which will not exceed 25% of the Maximum Gross Settlement Amount ($165,880).
- Attorney's Expenses Payment in the amount of $41,785.06 in expenses actually incurred by Class Counsel in connection with the Lawsuit.
- Administrative Costs to the Settlement Administrator, Simpluris, Inc., capped at $28,107.75.

**Calculation of Final Settlement Class Member Payments.** To calculate each Final Settlement Class member's share of the Settlement, the Settlement Administrator reviewed DoorDash's records from August 23, 2016 through August 31, 2023. DoorDash provided the Settlement Administrator with records showing the Unreleased Miles associated with Plaintiff, each Opt In Plaintiff, and each Eligible Claimant. Unreleased Miles are DoorDash's best estimate of the total on-delivery miles you drove between the location where you received and accepted an order and the location where you delivered that order (which includes distance spent driving to the merchant and distance spent driving from the merchant to consumer), at any time between August 23, 2016 and August 31, 2023, less any mileage accrued on or before the release end date of any prior individual or class-action settlement(s) that affects your FLSA claims, as determined by DoorDash's records. Your allocation of the Section 216(b) Settlement Amount was determined by (1) dividing your Unreleased Miles by the total sum of the Unreleased Miles for the Plaintiff, Opt In Plaintiffs, and Eligible Claimants; and (2) multiplying the resulting fraction by the Section 216(b) Settlement Amount.

**According to DoorDash's records, you have _____ Unreleased Miles. Your allocation of the Section 216(b) Settlement Amount is $_____ provided you become a member of the Final Settlement Class.**

Eligible Claimants may become Members of the Final Settlement Class by timely submitting a properly completed Claim Form to the Settlement Administrator and will be entitled to receive a

payment pursuant to the Settlement.

**If you do not timely submit a properly completed Claim Form, you will <u>not</u> be part of the Final Settlement Class and will <u>not</u> receive a payment.** You will retain the ability to sue DoorDash for the claims asserted in this Lawsuit in a different lawsuit, to the extent those claims are not barred by the statute of limitations. See Section VII below for more information.

**<u>Tax Matters.</u>** Nothing in this Settlement or this Notice is intended to constitute tax advice. You may wish to consult a tax advisor concerning the tax consequences of the payments received under the Settlement.

# IV.  How You Get a Payment

**7.       How do I receive a payment in this Settlement?**

Enclosed with this Notice is a Claim Form that outlines your rights related to and obligations in order to receive your settlement amount.

In order to participate in the Final Settlement Class and receive a payment in this Settlement, you must complete and submit the attached Claim Form to the Settlement Administrator consistent with the instructions in the Claim Form.

There are three ways to submit your completed Claim Form to the Settlement Administrator: (a) online at DoorDashFLSASettlement.com; (b) by fax to (888) 428-6696; or (c) by U.S. Mail to the following address:

Simpluris, Inc.
*Salmons v. DoorDash, Inc.* Settlement Administrator
PO Box 26170
Santa Ana, CA 92799

The Claim Form must be received by the Settlement Administrator on or before [BAR DATE].

If you do not return a properly completed Claim Form to the Settlement Administrator for receipt by [BAR DATE], you will not participate in the settlement.

If you submit your Claim Form in a timely manner but the document is incomplete or otherwise deficient in one or more respects, the Settlement Administrator will, no later than fourteen (14) days after receipt, return the deficient Claim Form to you with a letter explaining the deficiencies and stating that you have fourteen (14) days to correct the deficiencies and resubmit the Claim Form.  If the corrected Claim Form is submitted via U.S. mail, the envelope containing the corrected Claim Form must be postmarked within fourteen (14) days of the date the deficiency notice is mailed to you.

Upon receipt of your settlement check, it will be your responsibility to redeem the check before the expiration date of the checks (90 days after initial mailing). If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.

If you want to preserve your right to sue DoorDash on your own about the legal issues in this case and not receive a payment in this Settlement, then you do not need to do anything.

## V.  Release Agreement

### 8.    What am I giving up to get a payment?

**Release.** If you timely submit a properly completed Claim Form in this Settlement, you will become a part of the Final Settlement Class, and you cannot sue, continue to sue, or be part of any other lawsuit against DoorDash or any other Released Parties about the legal issues resolved by this Settlement. It also means that all of the Court's orders in this Lawsuit will apply to you and legally bind you, and anyone purporting to be acting on your behalf. If you are part of the Final Settlement Class, you, individually and on behalf of your successors, assigns, heirs, executors, administrators, agents, representatives, businesses, insurers, subrogees, attorneys, and anyone claiming through you or purporting to act on your behalf, shall hereby irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue against Released Parties any and all claims, demands, and causes of action that were asserted or that could have been asserted in the Action based on the facts alleged in Plaintiff's Third Amended Complaint for violations of the Fair Labor Standards Act or prior iterations of the complaint filed in this action, including any and all claims, demands, and causes of action for unpaid wages (including but not limited to claims for minimum wage, overtime compensation, or "free and clear" payment of minimum wage and overtime compensation when taking into account unreimbursed expenses), liquidated damages, interest, penalties, attorneys' fees, expenses, costs, and any other relief otherwise available based on the identical factual predicate of this action (including the identical factual predicates of any prior iterations of the complaint) against the Released Parties, up through the date the Court grants approval of the settlement (collectively, the "Released Claims").  For sake of clarity, the Released Claims include state-law minimum wage and overtime claims, but do not include state-law claims for expense reimbursements.  This settlement does not release any claims Final Settlement Class members may have under California's Private Attorneys General Act (Cal. Lab. Code § 2698 et seq.).  All Final Settlement Class Members shall be bound by the release and the other terms of the Settlement Agreement even if they fail to timely redeem their settlement checks.

## VI.  The Lawyers Representing You

### 9.    Do I have a lawyer in this case?

The Court appointed the following attorneys to represent you and the other Final Settlement Class Members: Ricardo J. Prieto and Melinda Arbuckle of the law firm Wage and Hour Firm and Robert R. Debes of the law firm Shellist Lazarz Slobin LLP.

Together, these lawyers are called "Class Counsel" or "Plaintiff's Counsel."  You will not be personally charged for these lawyers' work in securing the settlement benefits for you and the other Final Settlement Class Members; as explained above, the attorneys will be paid out of the

Maximum Gross Settlement Amount (25%). If you want to be represented by your own lawyer, you may hire one at your own expense.

## VII. If You Do Nothing

**10.    What happens if I do nothing at all?**

If you do nothing, you will not be part of the Final Settlement Class and you will not receive a payment under the Settlement. You will also not be bound by the result in the Lawsuit. You will be allowed to bring your own case for the claims alleged in this Lawsuit as described above.

## VIII.  Getting More Information

**11.    Are there more details about the Settlement?**

This Notice is intended to be a summary of the terms of the Settlement Agreement. Additional details about the Settlement, including the Settlement Agreement, Third Amended Complaint, and this Notice, are all available at DoorDashFLSASettlement.com.

You may also obtain this information by contacting the Settlement Administrator at Info@DoorDashFLSASettlement.com, Class Counsel at Shellist Lazarz Slobin LLP (713-621-2277) or Wage and Hour Law Firm (214-210-2100). Please keep a copy of this Notice for your records.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**