UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SALMONS,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH, INC.,<br><br>Defendant. | Case No. 19-cv-05279-EMC<br><br>**ORDER RE ATTORNEYS' FEES**<br><br>Docket No. 278 |

Previously, the Court granted Plaintiff's motion for approval of the FLSA settlement but deferred ruling on the request for attorneys' fees until after the parties reported back on the opt-in/claims rate. *See* Docket No. 276 (order). The parties have now provided a status report updating the Court. *See* Docket No. 278 (status report).

Under the settlement agreement, the maximum that DoorDash would be obligated to pay out was $663,520 (also referred to as the gross settlement amount). *See* Am. Sett. Agmt. § I.18. The maximum would be paid out only if all Eligible Claimants made claims. If all did make claims, then the gross settlement amount would be allocated as follows:

(1) $28,107.75 – settlement administrator costs. *See* Am. Sett. Agmt. § I.18.a.

(2) $165,880 – attorneys' fees (25% of the gross settlement amount).[1] *See* Am. Sett. Agmt. § 1.18.c.

(3) $41,785.06 – litigation expenses. *See* Am. Sett. Agmt. § I.18.b.

---

[1] Unawarded attorneys' fees go back to the collective. *See* Am. Sett. Agmt. § I.18.g.

1    (4) $2,500 – service award for the Named Plaintiff.  *See* Am. Sett. Agmt. § I.18.e.

2    (5) $425,247.19 – payment to members of the Final Settlement Class.  *See* Am. Sett.

3     Agmt. § I.18.d.

As indicated above, DoorDash would pay out the amount in (5) above only if all Eligible Claimants made claims and became Final Settlement Class Members (along with Mr. Salmons, Mr. McGrath, Ms. Benningfield, and Mr. Davis).

If all Eligible Claimants did not make claims, there would essentially a reverter because a FLSA action is an opt-in action.  *See* Am. Sett. Agmt. § I.14 ("Defendant is not obligated to fund any portion of the Section 216(b) Settlement Amount allocated to individuals who do not become Final Settlement Class members except as provided in Section I(18)(b) [addressing expenses]."). That is, if there were any Eligible Claimants who did not file claims, then those unclaimed funds would revert back to DoorDash.  Thus, DoorDash would pay out less than the full $425,247.19 in (5) above.  *See* Sett. Agmt. § I.18.c.

At the time of approval, the parties expected the claims rate to be about 30-65%.  As it turns out, the claims rate fell within this range, although on the lower end – 32.27% (*i.e.*, 976 claimants).  The total amount paid out was $186,770.04, "which represents 43.92% of the total funds made available to Eligible Claimants" (*i.e.*, $425,247.19 x 43.92%).  Plaintiff now asks to be awarded the full fees sought of $165,880.  Plaintiff reiterates that this is 25% of the gross settlement fund and asserts that this amounts to a 1.1 multiplier on the lodestar.  *See* Docket No. 278 (Status Rpt. at 3).  Prior filings reflected a claimed lodestar of $150,800, representing 208 hours at $725/hour.  *See* Docket No. 264 (Supp. Br. at 8).

Having taken into account the evidence of record, the Court denies the request for attorneys' fees in the amount of $165,880.  Previously, the Court was concerned that the real payout to the collective would be substantially less than $425,247.19.  As it turns out, the collective is getting less than half that amount – *i.e.*, $186,770.04.  If the Court were to award the full fees sought of $165,880, then counsel would be getting roughly the same amount as the entire collective of 976 individuals.  The Court understands that this is an opt-in case.  However, the extent of the collective's success should still be a consideration on the appropriate amount of fees.

2

Plaintiff's position that they should be given a multiplier on their lodestar, even a modest one, lacks merit given the limited success obtained by the collective.

As for Plaintiff's contention that the full fee request is consistent with the 25% benchmark approved by the Ninth Circuit, that argument rings hollow because there was never an expectation that DoorDash would actually pay out a gross amount of $663,520.  If the Court were to grant the 25% benchmark based on the true recovery of the collective, then fees would be closer to $86,000.[2]

Instead of awarding fees based on 25% of the maximum award to the class (an award far from being realized), the Court shall award Plaintiff fees based on the claimed lodestar of $150,800.  Consistent with the terms of the settlement agreement, the unawarded fees ($15,080) shall be distributed to the collective.  Plaintiff shall work with the settlement administrator to distribute additional sums to the 976 claimants.

**IT IS SO ORDERED**.

Dated: October 11, 2024

                                                  _____
                                                  EDWARD M. CHEN
                                                  United States District Judge

---

[2] $28,107.75 + $41,785.06 + $2,500 + $186,770.04 + Attorneys' Fees = Gross.

If Attorneys' Fees are 25% of the Gross, then the Gross would be $345,550.47, and Attorneys' Fees would be $86,387.62.

3